IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL NO. 07-00311 ACK-KSC |
| | ) |
| Petitioner, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) PETITION TO ENFORCE IRS |
| | ) SUMMONSES |
| CHERIE J. BRIGHT, and | ) |
| BENJAMIN K. BRIGHT, | ) |
| | ) |
| Respondents. | ) |
| | ) |
| _____ | ) |

FINDINGS AND RECOMMENDATION TO GRANT PETITION TO
ENFORCE IRS SUMMONSES

On June 8, 2007, Petitioner United States of America ("Petitioner") filed a Petition to Enforce IRS Summonses ("Petition") served upon Respondents Cherie J. Bright and Benjamin K. Bright individually ("Respondents") and a Declaration of Revenue Agent Debra Tsuha ("Tsuha Declaration"). On June 14, 2007, the Court issued an Order to Show Cause directing Respondents to appear before this Court to show cause, if there be any, why they should not be compelled to

comply with the Internal Revenue Service ("IRS") summonses served upon them.

On July 6, 2007, Respondents filed an Opposition to Petition to Enforce IRS Summonses ("Opposition") and a Declaration of Respondent Cherie J. Bright and a Declaration of Respondent Benjamin K. Bright.  On July 11, 2007, Petitioner filed a Reply in Response to Respondents' Opposition to Petitioner's Petition to Enforce IRS Summonses ("Reply").[1]

The matter came on for hearing on July 17, 2007.  Attorney Jeremy N. Hendon appeared on behalf of Petitioner; Respondent Cherie Bright appeared on behalf

---

[1] On July 11, 2007, Petitioner also filed a Motion for Leave to File Reply Brief in Excess of Fifteen Pages.  On July 13, 2007, Magistrate Judge Change issued an Order Granting Petitioner's Motion for Leave to File Reply Brief in Excess of Fifteen Pages.
   On July 11, 2007, Respondents filed a Supplement to Opposition to Petition to Enforce Summons without obtaining leave from the Court.
   On July 13, 2007, Respondents filed a Response to Reply to Opposition to Petition to Enforce IRS Summons without obtaining leave from the Court. The Court nonetheless heard comments from Attorney Jeremy N. Hendon in response to the arguments raised in this additional document at the hearing on July 17, 2007.

of herself; Respondent Benjamin Bright appeared by phone on behalf of himself.  At the hearing, the Court permitted Respondents to submit a copy of a letter from Revenue Agent Tsuha to Respondents' former attorney regarding rescheduling a time for Respondents to appear before the IRS ("Exhibit 1 to Hearing").

The Court, having carefully considered the written submissions and the record herein, FINDS and RECOMMENDS that the Petition be GRANTED and the IRS summonses be enforced.

### BACKGROUND

On June 19, 2006, IRS Agent Debra Tsuha served an attested copy of the summonses to Respondents by leaving the summonses at their "last and usual place of abode" in accordance with Internal Revenue Code ("IRC") § 7603(a).[2]  The summonses requested fifteen categories of documents relating to the business and financial

---

[2] In their Opposition, Respondents contend service was improper. However, the Court finds that service was proper pursuant to IRC § 7603(a), which provides in relevant part that a summons may be served to a person by leaving it "at his last and usual place of abode."

3

affairs of Respondents.[3]  The summonses directed Respondents to comply by July 5, 2006.  Respondents did not appear before Agent Tsuha on July 5, 2006 to

---

[3] The summonses issued to Respondents' requested information related to the following: (1) all records from January 1, 2001 to the date of the summons relating to credit cards issued by MasterCard or any other offshore credit cards; (2) all records from January 1, 2002 to date relating to credit cards issued by American Express; (3) all records for 2001 to date relating to credit, debit, or charge cards used by Respondents; (4) each loan made or obtained by Respondents, or in existence, during 2001 to date of the summons; (5) documentation for the source of the payoff of an American Financial General Loan which was recorded as paid on June 6, 2002; (6) all records 2001 to date relating to any payments by or for the benefit of Respondents or any entity in which they held ownership or exercised control; (7) records relating to the Exotic Bird Business; (8) statements from Beneficial Financial; (9) list and records of credit cards used by third parties; (10) records relating to the claim information for payments received from Asia Pacific Mutual Insurance Company, Ltd.; (11) documentation relating to scholarships, grants, or other financial aid received or paid on behalf of Respondents' family; (12) any personal financial statements prepared by or for Respondents for any purpose during 2001 to date; (13) all monthly statements for bank or financial accounts at domestic or foreign institutions; (14) all Statements of Certificate of Deposit for all Certificates of Deposit, Time Deposit, or equivalent accounts; (15) all records of all entities in which Respondents held ownership interest from 2001 to date. See Petition, Exhibit A.

provide the testimony and records requested by the summonses. Petitioner responded by filing the instant Petition.

## DISCUSSION

In order to obtain enforcement of a summons, the IRS need only make a prima facie showing of good faith in the issuance of the summons. See <u>Lidas Inc. v. United States</u>, 238 F. 3d 1076, 1082 (9th Cir. 2001). A showing of good faith is based upon the four requirements set forth in <u>United States v. Powell</u>, which requires the IRS to show that: 1) the investigation is conducted for a legitimate purpose; 2) the inquiry may be relevant to that purpose; 3) the information requested is not already in the possession of the IRS; and 4) the administrative steps required by the Internal Revenue Code have been followed. <u>United States v. Powell</u>, 379 U.S. 48, 57-58 (1964). Declarations or affidavits by directors or agents generally satisfy the requirements set forth in <u>Powell</u>.

See Lidas, 238 F. 3d at 1082 (citing United States v. Stuart, 489 U.S. 353, 360-361 (1989)).

Based on the Declaration of Agent Tsuha, the Court finds that Petitioner has met its burden as set forth in Powell.  First, Petitioner has a legitimate purpose for issuing the summonses to Respondents: to determine the federal income tax liability for Respondents for the tax years of 2002 and 2003.  See Petition at 2, ¶ 5; IRC § 7601(a) and § 7602(a).

Second, the Court finds that Petitioner's inquiry may be relevant to its stated purpose.  IRC § 7602(a)(1) authorizes the IRS to examine, "any books, papers, records, or other data which *may be relevant* or material" to its inquiry (emphasis added).  The IRS can issue a summons to investigate "merely on suspicion of that the law is being violated, or even just because it wants assurance that it is not." Powell, 379 U.S. at 57.  The Supreme Court has noted that the language "may be" in § 7602 "reflects Congress' express intention to allow the IRS to obtain items of even *potential*

6

relevance to an ongoing investigation, without reference to its admissibility." United States v. Arthur Young & Co., 465 U.S. 805, 814 (1984).  In this case, Petitioner has declared that the information sought by the summonses may be relevant in determining the correct tax liabilities for Respondents, and Respondents have not provided any evidence to the contrary. Petition at 6, ¶ 16.

Third, there is no indication that the information requested by Petitioner is already in its possession.  In United States v. Dynavac, the Ninth Circuit stated that "[t]he government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." United States v. Dynavac, 6 F.3d 1407,1414 (9th Cir. 1993) (citing United States v. Abrahams, 905 F.2d 1276 (9th Cir. 1990)).  Thus, the statement in an IRS agent's declaration that the summoned information is not in the possession of the IRS is sufficient to satisfy the government's burden.

In this case, Agent Tsuha stated that with the exception of the documents she outlines in her Declaration, the IRS is not in possession of the information sought by the summonses. Tsuha Declaration at 4, ¶ 8.[4]  The Court finds that Revenue Agent Tsuha's Declaration is sufficient to satisfy Petitioner's burden.

Finally, the Court finds that Petitioner has met its burden of showing that the administrative steps required by the IRC have been followed.  Again, this requirement can be met by merely presenting the sworn affidavit of one of the agents who issued the summons attesting to these facts. <u>Dynavac, Inc.</u>, 6 F.3d at 1414.  Agent Tsuha stated in her Declaration that

---

[4] In her Second Declaration, Agent Tsuha specifically addresses what documents are in the IRS' possession from the nine third-party summonses questioned by Respondents. <u>See</u> Second Tsuha Declaration at 3-5, ¶ 7.  Respondents' arguments regarding such third-party summonses (i.e. Summons of Equifax Credit Information Services, Inc. allegedly being evidence of a criminal investigation) are not relevant to the instant Petition and have no bearing on these proceedings.

"[a]ll administrative steps required by the Internal Revenue Code for the issuance of the summonses have been followed." Tsuha Declaration at 9, ¶ 21. Respondents have produced no evidence to show that the administrative steps of the IRC have not been followed.

Once the government has met its burden under Powell, a "heavy" burden is placed on the taxpayer to show an abuse of the court's process, which is invoked to enforce the administrative summons, or the lack of institutional good faith. Fortney v. United States, 59 F.3d 117, 120 (9th Cir. 1995). In order to meet this burden, the "taxpayer must allege specific facts and evidence to support its allegations." Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985). Respondents contend that Petitioner's did not issue the summonses in good faith, alleging Petitioner's were instead concealing a criminal investigation as a tax audit. Opposition at 7. The Court finds that this allegation is without merit because Respondents have failed to meet their burden of

9

providing "specific facts and evidence" to support such a claim.

Under IRC § 7602(d), a summons cannot be enforced with respect to a person if a Justice Department referral is in effect with respect to such person. Agent Tsuha has stated that, "[n]o Justice Department referral, as defined by 26 U.S.C. 7602(d)(2), is in effect with respect to Cherie J. Bright and Benjamin K. Bright for the tax years ending December 31, 2002 and December 31, 2003." Tsuha Declaration at 9, ¶ 20. Moreover, even if Petitioner had a secondary purpose for issuing the summons, such as investigating possible criminal activity, the summonses would not be invalid.[5] IRC § 7602(b) authorizes the IRS to issue a summons for "the purpose of inquiring into *any* offense connected with the administration or enforcement of the internal revenue laws." (emphasis added); see also Couch v. United

---

[5] Petitioner states that it is not admitting to any underlying criminal investigation occurring in this case. See Reply at 7.

10

States, 409 U.S. 322, 326 (1973)("[i]t is now undisputed that a special agent is authorized, pursuant to 26 U.S.C. § 7602, to issue an Internal Revenue summons in aid of a tax investigation with civil and possible criminal consequences").  Thus, the determining factor is whether or not there is a Justice Department referral in effect for the tax years addressed by the summons.  There is no indication of such a referral in this case.  Therefore, Respondents' assertions that Petitioner's alleged criminal investigation prevents enforcement of the summonses is insufficient to meet their burden of showing an abuse of the Court's process or lack of institutional good faith by Petitioner.

Respondents also list numerous defenses in response to the summonses,[6] but fail to specify which

---

[6] In their Opposition, Respondents indicated that they intend to evoke the following rights in addition to Fifth Amendment protection: spousal communication privilege, spousal testimony privilege, attorney client privilege, Taxpayer Bill of Rights 1, 2, and 3, and Fourth Amendment protection. Opposition at 4.  At this time, the Court will only address the Fifth Amendment

particular portions of the summonses relate to each defense asserted.  Furthermore, Respondents fail to assert any facts in support of their defenses.  For example, in their Opposition Respondents indicated that they intend to evoke Fifth Amendment protection.  A respondent may assert a Fifth Amendment privilege if there are "substantial hazards of self-incrimination that are real and appreciable, not merely imaginary and unsubstantial, that information sought in an IRS summons might be used to establish criminal liability."  United States v. Drollinger, 80 F.3d 389, 392 (9th Cir. 1996). See also United States v. Bodwell, 66 F.3d 1000, 1001 (9th Cir. 1995)(privilege must be asserted with specificity: "[t]he only way the Fifth Amendment can be asserted as to testimony is on a question-by-question basis").  Respondents did not set forth specific

---

issue because Respondents failed to explain where the other listed rights are applicable to the summonses in question.
    Respondents initially indicated at the July 17, 2007 hearing held on this matter that they intend to comply with the summonses.  However, in light of subsequent statements made by Respondents at the hearing, their intentions are no longer clear.

examples of instances where such protection would apply to the summonses in question.  Therefore, the Court finds that Respondents' blanket Fifth Amendment assertions, in addition to their other defenses, are insufficient to meet their heavy burden of providing specific facts and evidence to support their allegations.

CONCLUSION

Based on the foregoing, the Court FINDS and RECOMMENDS that the Petition be GRANTED and the IRS summonses be enforced.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, July 23, 2007.

  

Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 07-00311 ACK-KSC; UNITED STATES OF AMERICA vs. CHERIE J. BRIGHT AND BENJAMIN K. BRIGHT.; FINDING AND RECOMMENDATION TO GRANT PETITION AND ENFORCE IRS SUMMONSES.