IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Civ. No. 07-00311 ACK-KSC |
| Petitioner, | ) |
| vs. | ) |
| **CHERIE J. BRIGHT and BENJAMIN K. BRIGHT,** | ) |
| Respondents. | ) |

**ORDER ADOPTING AS MODIFIED THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT THE UNITED STATES' PETITION TO ENFORCE IRS SUMMONSES**

On June 9, 2007, the Government filed a petition to enforce IRS summonses ("Petition") served on Cherie L. Bright and Benjamin K. Bright (collectively, "Respondents"). On July 24, 2007, Magistrate Judge Kevin S.C. Chang issued Findings and a Recommendation ("F&R") that this Court grant the petition. Respondents filed an appeal of the F&R on August 2, 2007, which the Court will construe as an objection pursuant to Fed. R. Civ. P. 72(b) and LR 74.2 ("Objection"). The Government filed a Response to Respondents' Objection on August 13, 2007.

For the reasons set forth below, the Court adopts as modified the F&R and grants the United States' petition to enforce the IRS summonses.

1

**PROCEDURAL BACKGROUND**

On June 19, 2006, IRS Agent Debra Tsuha served an attested copy of the summonses to Respondents by leaving the summonses at their last and usual place of abode in accordance with Internal Revenue Code ("IRC") § 7603(a).  The summonses directed Respondents to appear on July 5, 2006 to provide testimony and fifteen categories of documents relating to their tax liability for 2002 and 2003. Respondents did not appear before Agent Tsuha on July 5, 2006. The Government responded by filing the instant Petition.

The Petition stated, inter alia, that the testimony and records sought by the summonses may be relevant to determine the correct federal income tax liabilities of Cherie Bright and Benjamin Bright for 2002 and 2003. See Petition at ¶ 16.  The Petition further stated that no Justice Department referral is in effect within the meaning of IRC § 7602(d)(2) with respect to Respondents for 2002 or 2003. Id. at ¶ 17.  In a Declaration filed with the Petition, Agent Tsuha listed the records in the possession of the IRS and stated that except for these enumerated documents the records sought by the summonses are not in the possession of the IRS. See Tsuha Decl. of 6/8/07 at ¶ 8.  Agent Tsuha determined based on the IRS's Offshore Credit Card Project, that Respondents had maintained and used two offshore credit cards that may be used to hide taxable income.  One was a

MasterCard ending in digits "55" issued by Hallmark Trust Limited, located in Turks and Caicos Isles, and the other was a MasterCard ending in "96" issued by Bank of N.T. Butterfield & Son, Ltd., located in Bermuda. Id. at ¶¶ 10-11.  Agent Tsuha further declared that all administrative steps required by the IRC for the issuance of summonses had been followed. Id. at ¶ 21.

On June 14, 2007, Magistrate Judge Chang issued an Order to Show Cause directing the Respondents to appear to show cause why they should not be compelled to comply with the IRS summonses.

On July 16, 2007, Respondents filed an Opposition to the Petition to Enforce the IRS Summonses.  On July 11, 2007, Petitioner filed a Reply to Respondents' Opposition. The same day, Respondents filed a Supplement to Opposition to Petition to Enforce Summons without obtaining leave from the court.  On July 13, 2007, Respondents also filed a Response to Reply to Opposition to Enforce IRS summons without obtaining leave from the court.

The Magistrate Judge held a hearing on the Order to Show Cause on July 17, 2007.  At the hearing, the Magistrate Judge permitted Respondents to submit a copy of a letter from Agent Tsuha to Respondents' former attorney regarding rescheduling a time for Respondents to appear before the IRS ("Exh. 1 to Hearing"). On July 23, 2007, Magistrate Judge Chang

issued Findings and a Recommendation that the Petition to Enforce IRS Summonses be Granted.

## STANDARD OF REVIEW

The court reviews de novo those portions of a Magistrate Judge's F&R to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); LR 74.2.  The district judge may receive further evidence or recommit the matter to the Magistrate with instructions.  28 U.S.C. § 636(b)(1). The district court may consider the record developed before the Magistrate Judge. LR 74.2. The district court must arrive at its own independent conclusion about those portions of the magistrate's report to which objections are made, but a de novo hearing is not required.  United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

## DISCUSSION

"To obtain enforcement of an administrative summons issued pursuant to 26 U.S.C. § 7602(2), the IRS need only demonstrate 'good faith' in issuing the summons."  Lidas, Inc. v. United States, 238 F.3d 1076, 1081-82 (9th Cir. 2001).  The IRS can establish a prima facie showing of good faith by setting forth "(1) the investigation will be conducted for a legitimate purpose; (2) the inquiry will be relevant to such purpose; (3)

the information sought is not already within the Commissioner's possession; and (4) the administrative steps required by the Internal Revenue Code have been followed." Id. (citing United States v. Powell, 379 U.S. 48, 57-58, 85 S. Ct. 248, 255 (1964)). It is well established that the declaration or affidavit of an IRS director or agent satisfies the Powell requirements. Lidas, 283 F.3d at 1082 (citing United States v. Stuart, 489 U.S. 353, 360-61, 109 S. Ct. 1183 (1989)); United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir. 1993).

To establish the prima facie case, the Government submitted Revenue Officer Tsuha's affidavit, in which she stated: (1) the investigation is being conducted for the legitimate purpose of assessing Respondent's tax liabilities for the years 2002 and 2003, (2) that the inquiries may be relevant to that purpose, (3) that the information sought is not already within the Internal Revenue Service's possession, and (4) that the administrative steps required by the Internal Revenue Code have been followed. See Tsuha Decl. of 6/8/07 at ¶¶ 8, 19, 21. The Court concludes that the Petitioner has established a prima facie showing of good faith through Revenue Agent Tsuha's declaration.

Once the IRS establishes its prima facie case, the burden shifts to the taxpayer to challenge the summons on any appropriate ground. Lidas, 238 F.3d at 1082 (citing Powell, 379 U.S. at 58). "The taxpayer bears a 'heavy burden' to rebut the

5

presumption of good faith." Lidas, 238 F.3d at 1082 (quoting United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc)). When challenging a summons, "[t]he taxpayer must allege specific facts and evidence to support his allegations of bad faith or improper purpose." U.S. v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997)(quoting Liberty Financial Services v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985)).

Respondents object to the Magistrate Judge's F&R to Grant the Petition to Enforce the IRS Summonses on the following bases: (A) that it is unclear whether Magistrate Chang accepted Respondents' sur-Reply filed July 13, 2007, and if the Magistrate did not admit the Reply, he should have; (B) that the summonses and agent declaration were defective because the summonses did not show a delivery address and Agent Tsuha's declaration contained discrepancies; (C) that there is no legitimate purpose for the summonses because the Government had already determined the tax liability for both years covered by the summonses and there is a case pending on the issue before the Tax Court; (D) that the summonses were overly broad and ambiguous; (E) that the Magistrate Judge improperly rejected Respondents' defenses; (F) that Respondents did not "fail to appear" on July 5, 2006 because an alternate date was being arranged; and (G) that the Government has the necessary information in its possession.

      A.    <u>Whether Magistrate Judge Chang Accepted Respondents' Sur-Reply</u>

On July 13, 2007, Respondents filed a Response to Reply to Opposition to Petition to Enforce IRS Summons ("Sur-Reply") without obtaining leave from the court.  Respondents argue that it is unclear from the F&R whether Magistrate Judge Chang accepted the Respondents' Sur-Reply.  The Government points out that at the July 17, 2007 Order to Show Cause hearing, counsel for the Government made an oral objection to strike the sur-Reply or, alternatively, be allowed an opportunity to address the arguments raised in the Sur-Reply.  Magistrate Judge Chang did not grant the oral request to strike and instead allowed the Government to orally respond to the arguments raised in the Sur-Reply.  The Court finds that Magistrate Judge Chang accepted the Sur-Reply from Respondents and considered both parties' arguments raised by and in response to the Sur-Reply.

      B.    <u>Whether the Summons and Agent Declaration Were Defective</u>

Respondents argue that Magistrate Judge Chang improperly relied upon defective Summonses, which failed to show the delivery address of the Respondents. The Government explained at the July 17, 2007 hearing, in its July 11, 2007 Reply to Respondents' Opposition to the Petition to Enforce IRS Summonses, and in its August 13, 2007 Response to Respondents' Objection to the F&R that the summonses served to Respondents did contain Respondents' delivery address, but that the address was mistakenly redacted from the copies of the Summonses initially

7

filed by Petitioner with the Court. Respondents point to the fact that unredacted copies were subsequently submitted to the court as evidence that the summonses were defective.  The Government attests, and Respondents do not dispute, that the summonses served to Respondents did contain the delivery address. Respondents fail to allege any specific facts or evidence to support their allegation that the summonses served to them were defective.  Nor do Respondents make any showing that the mistakenly redacted copies of the summonses filed as exhibits to the Petition somehow prejudiced them or constituted bad faith on the part of the Government.  Without such a showing, Respondents have failed to meet the heavy burden of showing that the summonses were defective or in bad faith because of the redacted delivery address. See Jose, 131 F.3d at 1328.

    Respondents also argue that Magistrate Judge Chang failed to address the "multiple discrepancies in Agent Tsuha's Declaration" that they raised in their July 6, 2007 Opposition. See Obj. at 2.  Respondents' Objection to the F&R, however, does not specify the discrepancies to which they object.  The Court surmises that Respondents may be referring to their argument that Agent Tsuha's June 8, 2007 declaration that lists information in the IRS's possession does not take into account nine categories of information obtained in response to third party summonses issued by the IRS with regard to Respondents.  See Opp. at 13. As

Magistrate Judge Chang observed in footnote four (4) of the F&R, in her July 17, 2007 declaration, Agent Tsuha addressed Respondents' argument that Agent Tsuha's first declaration of June 8, 2007 did not include documents the IRS received in response to nine summonses issued to third parties. The Court is satisfied with Agent Tsuha's explanation of how the list of documents in her June 8, 2007 declaration corresponds to the third party summonses issued and that the documents received were not responsive to the summonses at issue. The Respondents do not point to any specific evidence showing bad faith on the part of Agent Tsuha or IRS officials. The Court finds that Respondents' allegation of "discrepancies" in Agent Tsuha's two declarations are without merit and do not render the summonses unenforceable.

  C. <u>Whether the Government Demonstrated a Legitimate Purpose for the Summonses</u>

Magistrate Judge Chang concluded that the IRS has a legitimate purpose for issuing the summonses to Respondents: to determine the federal income tax liability for Respondents for tax years 2002 and 2003. Respondents argue that Magistrate Judge Chang improperly failed to address their allegation that the summonses were unenforceable because the tax liability for 2002 and 2003 had already been determined by IRS deficiency notices for the same years and is in Tax Court for judicial re-determination.

Contrary to Respondents' assertions, the issuance of

9

deficiency notices or the existence of collateral Tax Court proceedings does not terminate the IRS's power to issue or enforce a summons.  See PAA Management, Ltd. v. United States, 962 F.2d 212, 218 (2d Cir. 1992); see also United States v. Trenholm, 2005 WL 2249097, at *3 (D. Haw. 2005); United States v. Henkell, 1997 WL 470370, at *5 (E.D. Cal. 1997).  Prior to a final, irrevocable determination of taxpayer liability for the years in question, an IRS summons investigating a taxpayer's tax liability is still enforceable. The IRS's summons power persists despite the Tax Court proceeding because the Tax Court may still adjust the amount of the deficiency notice, and thus there has been no final, irrevocable determination of taxpayer liability. See PAA Management, 962 F.2d at 218.  Here, there has been no final, irrevocable determination of the Respondents' tax liability, so the summons' purpose of determining such tax liability is still legitimate.

One exception is that a court may decide not to enforce a summons that is issued after the initiation of Tax Court proceedings.  See PAA Management, 962 F.2d at 219; Henkell, 1997 WL 470370 at *5.  A summons issued after the commencement of judicial proceedings in Tax Court may undermine the Tax Court discovery rules, Ash v. Commissioner of Internal Revenue, 96 T.C. 459, 468, 1991 WL 30196 (1991), or signal a ruse to obtain documents in violation of a taxpayer's rights, In re Magnus,

Mabee & Reynard, Inc., 311 F.2d 12, 17 (2d Cir. 1962).  In this case, the summons was issued on June 19, 2006, over a year before the Respondents initiated Tax Court proceedings on July 9, 2007.  Thus, the exception does not apply to the Respondents in the instant case.

The mere fact that the IRS issued Respondents notices of deficiency for 2002 and 2003 and that there is a Tax Court proceeding ongoing for those tax years does not render the IRS summonses unenforceable.

> D.   Whether the Summonses Were Overly Broad or Ambiguous

Respondents also contend that the summonses should not be enforced because they are overbroad and ambiguous, such that no court could determine with any degree of certainty whether the taxpayer has complied.

A summons may be unenforceable because it is overbroad, defined by some courts as, "out of proportion to the ends sought," United States v. Harrington, 388 F.2d 520, 523 (2d Cir. 1968), and by other courts as, "a summons which does not advise the summoned party what is required of him with sufficient specificity to permit him to respond adequately to the summons," United States v. Wyatt, 637 F.2d 293, 302 n.16 (5th Cir. 1981)(citing United States v. Malnik, 489 F.2d 682, 686 n.4 (5th Cir. 1974)).  Nevertheless, "[t]he fact that the records called for [are] extensive is not material [to the enforceability of the

11

summons]," United States v. Luther, 481 F.2d 429, 433 (9th cir. 1973).  Moreover, "[b]roadness alone is not sufficient justification to refuse enforcement of a subpoena so long as the material sought is relevant." Adams v. F.T.C., 296 F.2d 861, 867 (8th Cir. 1961).

The summonses in question demand an extensive amount of information, but the descriptions of the documents requested are specific enough to apprise the Respondents of the requirements to comply with the summonses.  For example, the summonses ask for all records for cards issued by MasterCard or American Express following a certain date, and the summonses enumerate the types of records requested such as applications, monthly charge statements, receipts, cash advance confirmations, etc. Respondents cite as ambiguous item number six (6) of the summonses that asks for all records dating from 2001 relating to:

> any payments by or for the benefit of you or any entity, foreign or domestic, in which you held a direct or indirect ownership or beneficial interest or over which you exercised control, either directly or through a nominee, agent, power of attorney, letter of direction, or any device whatsoever, for:
>     a. Management fees
>     b. Consulting fees
>     c. Research and development fees
>     d. Insurance premiums
>     e. Legal fees
>     f. Brokerage fees
>     g. Royalties
>     h. Lease or rental fees
>     i. Loan fees
>     j. Interest
>     k. Salaries or wages

see Petition Exhs. "A", "B". The summonses go on to list examples of records falling into this category such as contracts, invoices, cancelled checks, wire transfers, letters of credit, and correspondence. Id. The Respondents argue that the complexity of the legal terms used in this request are beyond their ability to interpret and comply. Contrary to Respondents' assertions, the terms used have discernible legal and practical meaning, and the fact that the Respondents claim not to understand these terms does not render the request ambiguous or meaningless. The descriptors of documents in the summonses are subject to specific interpretation, and are not so ambiguous as to make the summonses unenforceable.

   Moreover, the Respondents do not substantiate their overbreadth argument with any evidence that the documents requested are not relevant to determining their tax liability for the tax years in question. By contrast, the Sixth Circuit has held an IRS summons unenforceable as overbroad because "(1) the subpoena is directed to a third party, not to the taxpayer being investigated, (2) the IRS seeks a voluminous amount of highly sensitive proprietary information about [the entity's] general administration of its products, (3) the IRS has opposed the imposition of a protective order, and (4) the magistrate judge, who spent years considering the scope of the summons, found that the IRS was seeking 'some irrelevant information.'" United States

v. Monumental Life Insurance Co., 440 F.3d 729, 736-37 (6th Cir. 2006).  An examination of the summonses in the case at bar does not reveal any of these deficiencies.  All the information requested pertains to Respondents' financial dealings, assets, and holdings, which, in turn, are relevant to assessing the Respondents' tax liabilities.

The Court finds that the requests of the subject summonses are sufficiently specific and relevant to Respondents' tax liabilities.  Thus, the Court rejects Respondents' objection that the summonses are unenforceable for being overbroad or ambiguous.

     E.    Whether the Magistrate Judge Improperly Rejected Respondents' Defenses

Respondents argue that the Magistrate Judge erred in his determination that they failed to specify which portion of the summonses relate to each of their defenses or assert any facts in support of their defenses.  The Court finds no error in Magistrate Judge Chang's conclusions on this issue.

Respondents argue that the lack of specificity in their asserted defenses reflects "the fact that the IRS is seeking to enforce a summons that does not specify nor restrict the questions to be asked." Respondents' Obj. to F&R at 4.  The Government counters that if the Respondents have responsive documents that they believe to be privileged, the proper response is to produce the non-privileged documents and provide a log

regarding documents they are withholding due to a valid privilege.  The Government also contends that if during the IRS interview, Respondents believe a question calls for a privileged answer, they can assert the privilege at that time on a question-by-question basis.

As Magistrate Judge Chang correctly pointed out, Respondents cannot invoke a blanket Fifth Amendment privilege, which must be asserted with specificity.  "[T]he only way the Fifth Amendment can be asserted as to testimony is on a question-by-question basis. A taxpayer must present himself for questioning, and as to each question elect to raise or not to raise the defense. The District Court may then determine by considering each question whether, in each instance, the claim of self-incrimination is well-founded." See United States v. Drollinger, 80 F.3d 389, 392 (9th Cir. 1996)(internal quotations and citations omitted); see also United States v. Bodwell, 66 F.3d 1000, 1001 (9th Cir. 1995).  Respondents, who did not appear for the interview, could not properly assert the Fifth Amendment in response to particular questions. See Drollinger, 80 F.3d at 392-93.  Respondents' assertion of various defenses, including their rights under the Fifth Amendment, did not excuse their failure to appear on the scheduled date of their summonses or render the summonses unenforceable.

Moreover, Respondents may not refuse to produce the

documents regarding their offshore credit cards on Fifth Amendment grounds.  Although in certain circumstances the act of producing evidence in response to a subpoena or summons is communicative, whether the communicative act falls under the protection of the Fifth Amendment depends upon whether the act of producing the documents is testimonial.  See Fisher v. United States, 425 U.S. 395, 411, 96 S. Ct. 1569 (1976).  The Fisher court concluded that when the existence of the documents is a "foregone conclusion," the taxpayer adds "little or nothing to the sum total of the Government's information by conceding that he in fact has the papers." Id.  Thus, when the existence of the requested records is a foregone conclusion, the act of producing the documents is not testimonial and does not invoke the protection of the Fifth Amendment privilege against self-incrimination.  See United States v. Norwood, 420 F.3d 888, 895 (8th Cir. 2005).

In Norwood, the district court had found that the existence of records relating to two offshore credit card accounts was a foregone conclusion when the IRS declared that it knew of the existence of the credit cards and their corresponding accounts. Id. The Norwood court concluded that the production of the accompanying account records, which are possessed by account owners as a matter of course, was not testimonial and did not implicate the Fifth Amendment.  Id. at 896.

The instant case presents similar factual circumstances to Norwood.  Here, Agent Tsuha declared that she had determined from the IRS's Offshore Credit Card Project that Respondents had maintained and used two offshore credit card accounts.  See Tsuha Decl. of 6/8/07 at ¶¶ 10-11.  The IRS knows the name and location of the banks, the credit card numbers, and that the Respondents used and maintained these cards.  Id.  Thus, the existence of the offshore credit card accounts is a foregone conclusion, and the production of the records relating to these credit card accounts has no testimonial significance.  To the extent that summonses request production of documents relating to accounts or transactions whose existence is known to the IRS, the Court concludes that the Fifth Amendment poses no bar to enforcing the summonses.

### F. Whether Respondents Failed to Appear Before the IRS

Respondents next argue that they did not "fail to appear" before the IRS on July 5, 2006, because an alternate date was being arranged for the appearance.  At the hearing before the Magistrate, Respondents submitted a letter dated July 14, 2006 from the IRS to their former attorney, Martin Schainbaum, that stated,

> Due to scheduling conflicts, I am not able to accommodate your request to reschedule the appearance for your taxpayers, Benjamin and Cherie Bright to August.  As an alternative I propose the following dates September 1, 5-8.  Please contact me to confirm a date and time.

17

July 17, 2007 Hrg. before Magistrate Chang, Exh. "1". Respondents also attached a letter from Schainbaum to IRS Agent Terry Martin, dated August 14, 2006, indicating the Respondents' intention to comply and renewing a request to coordinate a date of production and interview. See Resp. Opp. to Petition, Attachment "1". Respondents argue that the IRS auditor, not the taxpayer, has the authority and responsibility to set the date, and because the IRS never set a date, there was no failure to appear.

It is not clear when Respondents first requested to set a new date to appear before the IRS. The lack of subsequent agreement as to a later meeting date does not excuse Respondents' failure to appear on July 5, 2006. In the absence of such an agreement, the Respondents were required to comply with the summonses as written. See United States v. Liddell, 2007 WL 2422879 at *5 n.1 (D. Haw. 2007). There is no dispute that Respondents have never appeared before the IRS with respect to the instant summonses. The fact that there was an attempt to schedule an alternate date after Respondents missed their appearance does not preclude enforcement of the summonses.

> G. Whether the IRS has the Necessary Information in Its Possession

Respondents argue that Magistrate Judge Chang failed to indicate that records requested by the summonses regarding Respondents' First Hawaiian Bank and Bank of Hawaii accounts were

18

in the hands of the IRS.  The Government's attorney, Jeremy Hendon, confirms that at the hearing before the Magistrate, he indicated that the IRS has in its possession Respondents' bank account records from First Hawaiian Bank and Bank of Hawaii as requested by paragraph 13 of the summonses.  The Court modifies the F&R accordingly and will not enforce paragraph 13 of the summonses insofar as they request monthly statements from financial accounts at First Hawaiian Bank and Bank of Hawaii because the IRS already has these records in its possession.

The Government asserts, however, that the remainder of information requested in paragraph 13 as well as the information in the rest of the summonses are not within the possession of the IRS.  With respect to the remainder of the information requested by the summonses and the information requested by paragraph 13 other than account information from First Hawaiian Bank and Bank of Hawaii, the Court adopts Magistrate Judge Chang's F&R and concludes that there is no indication that the information requested by the Government is already in the IRS's possession. Respondents present no other evidence that the IRS has any of the information requested by the remainder of the summonses in its possession.  The burden to establish that the information sought by the summonses is already possessed by the IRS rests on the respondent.  See Liberty Financial Services v. United States, 778 F.2d 1390, 1393 (9th Cir. 1985).  Respondents have not met their

19

burden. With the exception of the records relating to Respondents' accounts at First Hawaiian Bank and Bank of Hawaii, the Court concludes the summonses are enforceable.

## **CONCLUSION**

For all the foregoing reasons and for the reasons set forth in the Magistrate's F&R, the Court adopts as modified the Findings and Recommendation to Grant the United States' Petition to Enforce the IRS Summonses.

IT IS SO ORDERED.

DATED, Honolulu, Hawaii, September 11, 2007.



_____
Alan C. Kay
Sr. United States District Judge

UNITED STATES V. BRIGHT, Civ. No. 07-00311 ACK-KSC, Order Adopting as Modified the Magistrate Judge's Findings and Recommendation to Grant the United States' Petition to Enforce IRS Summonses.