IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Civ. No. 07-00311 ACK-KSC |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| **CHERIE J. BRIGHT and BENJAMIN K. BRIGHT,** | ) |
| | ) |
| Respondents. | ) |
| | ) |
| | ) |
| | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION AND COORDINATING TIMING OF COMPLIANCE WITH SUMMONSES TO AVOID CONFLICT WITH DISCOVERY IN SEPARATE CIVIL ACTION**

On June 9, 2007, the Government filed a petition to enforce IRS summonses ("Petition") served on Cherie L. Bright and Benjamin K. Bright (collectively, "Respondents"). On July 24, 2007, Magistrate Judge Kevin S.C. Chang issued Findings and a Recommendation ("F&R") that this Court grant the petition. On August 2, 2007 Respondents filed an Objection to the F&R. The Court adopted the F&R as modified, granting the Government's petition to enforce the summonses on September 11, 2007 ("Order").

On September 19, 2007, Respondents moved for reconsideration of the September 11, 2007 Order under Local Rule 60.1(a), arguing that "new material facts" justify

1

reconsideration of the Order ("Motion").  The Government filed a Response on September 27, 2007, and Respondents filed a Reply on September October 9, 2007. Although Local Rule 60.1(a) applies only to interlocutory orders, because judgment has not yet been entered in this case, the Court examines the motion for reconsideration under Local Rule 60.1(a), rather than as a motion seeking post-judgment relief. Because Respondents have not shown a basis for reconsideration of the matter, the Motion to Reconsider is denied.

**STANDARD OF REVIEW**

In the Ninth Circuit, a successful motion for reconsideration must accomplish two goals.  First, it must demonstrate some reason why the court should reconsider its prior decision.  Na Mamo O 'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Haw. 1999) (citation omitted).  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  Id.  Courts have established three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178-79 (9th Cir. 1998); Great Hawaiian Financial Corp. v. Aiu, 116 F.R.D. 612, 616 (D. Haw. 1987), rev'd on other grounds, 863 F.2d 617 (9th Cir. 1988).  The

District of Hawaii has implemented these standards in Local Rule 60.1, which states:

> Motions for reconsideration of interlocutory orders may be brought only upon the following grounds:
> (a)  Discovery of new material facts not previously available;
> (b)  Intervening change in law;
> (c)  Manifest error of law or fact.
> Motions asserted under Subsection (c) of this rule must be filed not more than ten (10) business days after the court's written order is filed.

L.R. 60.1.

Mere disagreement with a previous order is an insufficient basis for reconsideration.  See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988).  Furthermore, reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision.  See Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000); Hawaii Stevedores, Inc. v. HT&T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005); All Hawaii Tours, Corp. v. Polynesian Cultural Ctr., 116 F.R.D. 645, 649-50 (D. Haw. 1987), rev'd on other grounds, 855 F.2d 860 (9th Cir. 1988).  "Whether or not to grant reconsideration is committed to the sound discretion of the court."  Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., 229 F.3d at 883).

## **DISCUSSION**

On August 22, 2007, following briefing of Respondents'

Objection to the F&R, but prior to the September 11, 2007 Order enforcing the IRS summonses, the Government filed a civil suit against Respondent Cherie J. Bright and others (not including Respondent Benjamin K. Bright) seeking to enjoin them, in part, from participating in the very scheme at issue in this case.  See Complaint for Permanent Injunction and Other Relief, Civ. No. 07-00442 SPK-LEK (Aug. 22, 2007).  In pertinent part, the Government's August 22, 2007, complaint seeks to enjoin Cherie Bright from selling or advising clients to participate in a tax avoidance scheme (Count I), from preparing false tax returns (Count II), and from unlawfully interfering with enforcement of internal revenue laws (Count III).  Id.

The recent analysis by Judge Mollway in the case United States v. Liddell, Civ. No. 07-00310 SOM-KSC (August 28, 2007), is squarely on point in the instant case, and the Court agrees with Judge Mollway's well-reasoned analysis.[1] Respondents move for reconsideration of the September 11, 2007, Order enforcing the IRS summonses in light of the August 22, 2007, civil complaint that seeks injunctive relief against Cherie Bright.

---

[1] Liddell, like Respondent Cherie Bright in this case, had filed a motion for reconsideration of Judge Mollway's order granting the government's petition to enforce IRS summonses following the government's filing of the same civil complaint, Civ. No. 07-00442 SPK-LEK, brought to enjoin Liddell, Cherie Bright, and others from engaging in the fraudulent tax scheme at issue in this case.  Judge Mollway held that the civil complaint did not warrant reconsideration because it does not constitute evidence of an ongoing criminal investigation.

Respondents argue that the new civil suit is "evidence of a potential ongoing criminal investigation" and that this court should conduct an evidentiary hearing to determine whether the Government is proceeding with the IRS summons process in good faith.  This argument, however, presupposes a criminal investigation.  The filing of a civil action seeking to enjoin Cherie Bright from acts relating to a tax scheme is not evidence that the Government is conducting an investigation for the purpose of bringing a criminal charge against either of the Respondents.  Although at the time they briefed their objection to the F&R Respondents presumably did not know that the Government would file the August 22, 2007 civil complaint, that filing is insufficient to establish that the Government is proceeding in bad faith.  See United States v. Jose, 131 F.3d 1325, 1328 (9th Cir. 1997); Liberty Fin. Servs. v. United States, 778 F.2d 1390, 1392 (9th Cir. 1985).  This Court, lacking all but Respondents' allegation of bad faith on the Government's part, continues to decline to conduct an evidentiary hearing on the matter.  See United States v. Tanoue, 94 F.3d 1342, 1345 (9th Cir. 1996); United States v. Samuels, Kramer & Co., 712 F.2d 1342, 1346-47 (9th Cir. 1983).  Respondents' have not alleged new material facts that justify reconsideration.

   Respondents also argue that the transcript from the Tax Court proceeding shows that Judge Carlozza "judicially determined

5

that, with regard to questions about Cherie Bright and foreign credit cards, invocation of her Fifth Amendment rights was appropriate." <u>See</u> Motion for Reconsideration at 2, Exhs. 3, 4, 5. The transcript of Tax Court testimony does not constitute new material facts nor does it point to a manifest error of law under Local Rule 60.1(a) or (c).  Contrary to Respondents' assertion, Judge Carlozza did not make a finding that Cherie Bright may invoke the Fifth Amendment to avoid producing documents regarding the offshore credit cards of which the IRS is aware.  Judge Carlozza was only allowing Cherie Bright's invocation of the Fifth Amendment with regard to answering certain questions posed to her in the Tax Court proceeding, and did not address the foregone conclusion doctrine or the production of documents. The protection of the Fifth Amendment does not apply to the production of documents where the existence of those documents is a foregone conclusion because such production would not be testimonial.  <u>See</u> <u>Fisher v. United States</u>, 425 U.S. 325, 411, 96 S. Ct. 1569 (1976).  Reconsideration of the ruling that the Fifth Amendment does not shield Respondents from producing documents regarding offshore credit cards known to the IRS is not warranted.

The Court notes that the materials sought by the IRS summonses in this case might overlap material that is discoverable by the Government in the civil suit initiated on

August 22, 2007.  For that reason, while enforcing the summonses, the Court orders that the timing of compliance with the summonses in this case shall correspond to the timing of the earliest allowable discovery in Civil No. 07-00442 SPK-LEK.  That is, because the summonses in this case may yield information that supports the civil complaint in Civil No. 07-00442 SPK-LEK, this Court is concerned that the summonses in the present action not be a means by which the Government obtains such information in advance of when such information could reasonably be obtained in the civil case.  If discovery in the civil case is expedited for purposes of seeking injunctive relief, then the information sought in the existing summonses should be provided by Respondents with corresponding promptness.

        The Court recognizes, of course, that the Government's aim in issuing the summonses (i.e., determination of Respondents' past tax liabilities) differs from the aim of the new civil suit (enjoining the defendants from perpetrating an alleged fraudulent scheme).  However, a significant overlap of evidence appears highly likely.  The Court addresses the likely overlap by coordinating the timing for producing information, but the Court does not retract its earlier order that production be made.  If Civil No. 07-00442 SPK/LEK is terminated for any reason, including the entry of a permanent injunction or dismissal of the case, before the IRS summonses in this case have been complied

with, Respondents shall immediately comply with the summonses issued in this case.

## CONCLUSION

For all the foregoing reasons, the Court DENIES Respondents' motion for reconsideration. The Clerk of Court shall enter judgment in favor of the Government and close this case.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, October 23, 2007.



_____
Alan C. Kay
Sr. United States District Judge

UNITED STATES V. BRIGHT, Civ. No. 07-00311 ACK-KSC, Order Denying Motion for Reconsideration and Coordinating Timing of Compliance with Summonses To Avoid Conflict with Discovery in Separate Civil Action.