IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Petitioner,<br><br>　　　　vs.<br><br>CHERIE J. BRIGHT and BENJAMIN K. BRIGHT,<br><br>　　　　Respondents. | ) Civ. No. 07-00311 ACK-KSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER DENYING RESPONDENTS' MOTION FOR STAY PENDING APPEAL AND ALLOWING RESPONDENTS FIVE DAYS TO REQUEST A STAY FROM THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

　　　　On February 1, 2008, Cherie L. Bright and Benjamin K. Bright (collectively, "Respondents") moved this Court to stay enforcement of IRS summonses pending their appeal to the United States Court of Appeals for the Ninth Circuit ("Motion for Stay Pending Appeal"). The Government opposed the motion on February 4, 2008, and the Court heard argument on February 7, 2008. For the reasons set forth below, the Court denies Respondents' Motion for Stay Pending Appeal. However, the Court will temporarily stay enforcement of the IRS summonses for five (5) days to allow Respondents to request a stay from the Ninth Circuit.

## BACKGROUND

　　　　On June 9, 2007, the Government filed a petition to

enforce IRS summonses ("Petition") served on Respondents.  On July 24, 2007, Magistrate Judge Kevin S.C. Chang issued Findings and a Recommendation ("F&R") that this Court grant the Petition.  On August 2, 2007, Respondents filed an Objection to the F&R.  The Court adopted the F&R as modified, granting the Government's Petition on September 11, 2007 ("September 11, 2007 Order").

On September 19, 2007, Respondents moved for reconsideration of the September 11, 2007 Order.  The Government filed a Response on September 27, 2007, and Respondents filed a Reply on October 9, 2007.  On October 23, 2007, the Court denied Respondents' motion for reconsideration but further ordered that the timing of compliance with the summonses in this case correspond to the timing of the earliest allowable discovery in Civil No. 07-00442 SPK-LEK ("October 23, 2007 Order").[1]

On October 30, 2007, Respondents filed a Notice of Appeal of both Orders to the Ninth Circuit.  On January 24, 2008, Respondents received a letter from Revenue Agent D. N. Tsuha stating that judgment had been entered on October 25, 2007 in the Government's favor and directing them to deliver the documents set forth in the summonses by February 1, 2008, and to appear for an interview on February 8, 2008.

On February 1, 2008, Respondents filed the instant

---

[1] The parties in Civil No. 07-00442 SPK-LEK held their Federal Rule of Civil Procedure 26(f) conference on October 22, 2007.

Motion to stay the Court's September 11, 2007 Order enforcing the IRS's summonses, arguing that they should not have to comply with the summons enforcement until the Ninth Circuit considers their appeal.  The Government filed a Response on February 4, 2008, contending that Respondents have failed to follow procedure or demonstrate the substantive grounds that would entitle them to a stay.  Respondents filed a reply on February 6, 2008.  The Court held a hearing on February 7, 2008.

## STANDARD OF REVIEW

The district court has discretion to stay the enforcement of a civil judgment pending an appeal.  See Fed. R. Civ. P. 62(c).  In determining whether to stay enforcement of an IRS summons, the court considers four factors: (1) whether the movant has made a strong showing of success on the merits; (2) whether the movant will be irreparably injured without a stay; (3) whether issuance of a stay will substantially injure the other interested parties; and (4) where the public interest lies.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Natural Resources Defense Council, Inc. v. Winter, 502 F.3d 859, 863 (9th Cir. 2007); United States v. 1020 Elect. Gambling Mach., 38 F.Supp.2d 1219, 1220 (E.D. Wash. 1999).

## DISCUSSION

Respondents' sole assertion is that they should not be forced to comply with the IRS summonses until the Ninth Circuit

3

decides their appeal.  The Court notes that Respondents do not elaborate upon this contention or point to any supporting rules or case law.  In contrast, the Government spells out – and the Court agrees – that Respondents have failed to follow the proper procedure or allege the substantive grounds that would entitle them to a stay of the enforcement of the IRS summonses.

First, the Government argues that Respondents' motion should be denied as untimely because Respondents should have pursued a stay within 10 days after judgment was entered.[2]  Federal Rule of Civil Procedure 62(a) provides that judgments are automatically stayed until 10 days have passed after the entry of judgment.  See Fed. R. Civ. P. 62(a).  The Court notes that Rule 62(a) permits, but does not require, a party to determine what course of action to take next, including whether to move for a stay pending appeal, during the automatic stay's ten-day period.  A party can still seek a stay later on under Rule 62(c) and Federal Rule of Appellate Procedure 8(a).  See 11 Charles A. Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2902 (2d ed. 1995).

Second, the Government argues that Respondents failed to substantively establish that they are entitled to a stay of enforcement pending appeal under the four Hilton factors.  See

---

[2] At the hearing the Government stated it was not asserting that the motion should be denied as untimely.

Hilton, 481 U.S. at 776.  Although Respondents' motion does not address the Hilton factors, the Court nevertheless examines each factor in turn.

      1.   Likelihood of Success

Under the first Hilton factor, the court considers "whether the stay applicant has made a strong showing that he is likely to succeed on the merits" of his appeal."  See Hilton, 481 U.S. at 776.  Respondents' motion does not contain any arguments related to their likelihood of success on appeal, let alone a strong showing.  Even if Respondents had repeated the defenses to enforcement contained in their previous Objection to the F&R and Motion for Reconsideration, the Court has already found these arguments without merit, as discussed in detail in the September 11, 2007 and October 23, 2007 Orders.[3]  Accordingly, the Court finds that Respondents have not demonstrated a likelihood of success on appeal.

      2.   Irreparable Harm to Respondents

The Court construes the single argument in Respondents' motion as alleging that absent a stay, Respondents will be irreparably harmed if they must comply with the IRS summonses while their appeal is pending.  The Government contends that even

---

[3] The Government is careful to note that it did not seek to enforce the IRS summonses in the instant case until after discovery began in Civil No. 07-00442 SPK-LEK, as required by the October 32, 2007 Order.

full compliance with the summons enforcement while the appeal is pending does not constitute sufficient harm to warrant a stay.

This Court finds the Supreme Court's decision in <u>Church of Scientology of California v. United States</u>, 506 U.S. 9 (1992), to be instructive on this issue, although its holding centers upon mootness rather than irreparable injury.  In <u>Church of Scientology</u>, the district court granted the government's petition to enforce an IRS summons against respondent Church of Scientology, and later denied the Church's motion to stay enforcement.  <u>Id.</u> at 10-11.  The Church appealed the district court's order to the Ninth Circuit, but complied with the summons enforcement while the appeal was pending.  <u>Id.</u> at 11-12.  The Ninth Circuit dismissed the appeal as moot.  <u>Id.</u> at 12.  The Supreme Court found that the Ninth Circuit's decision to dismiss was erroneous because even though the respondent had already complied with the enforcement order, "a court can still fashion <u>some</u> form of meaningful relief" if the respondent prevails on appeal, and thus the appeal is not rendered moot.[4]  <u>Id.</u> at 12-13, 17-18.

Moreover, as the Government points out, the mere requirement to produce documents while an appeal is pending does

---

[4] Specifically, the Supreme Court noted that a "court does have power to effectuate a partial remedy by ordering the Government to destroy or return any and all copies [of subpoenaed documents] it may have in its possession."  See <u>Church of Scientology</u>, 506 U.S. at 13.

6

not constitute sufficient harm to warrant a stay. "Several courts have held that the production of documents in response to an IRS summons is not sufficient irreparable injury to qualify for a stay of enforcement." United States v. Diversified Group, Inc., No. M 18-304 PKL, 2002 WL 318127701, at *1 (S.D.N.Y. Dec. 13, 2002) (citing United States v. Sweet, No. 80-5046, 1980 WL 4702, at *1 (5th Cir. Jan. 31, 1980); Simmons v. United States, No. CV-F-94-5500, 1995 WL 149353, at *2-4 (E.D. Cal. Mar. 6, 1995), aff'd, 86 F.3d 1163 (9th Circ. 1996); United States v. Barth, 591 F. Supp. 91, 101 (D. Conn. 1984), aff'd in part and rev'd in part, 745 F.2d 184 (2d Cir. 1984); United States v. Blackburn, 538 F. Supp. 1385, 1387 (M.D. Fla. 1982)).

The Court therefore concludes that Respondents will not suffer irreparable injury if forced to comply with the IRS summonses before the Ninth Circuit rules on their appeal.

3.   Substantial Harm to the Government

As the only other interested party, the Government argues that it would be harmed by the grant of an open-ended stay because then the enforcement proceedings – which have already taken over seventeen months – would be further delayed. "Summons enforcement proceedings are intended to be summary in nature so that an investigation can advance to an ultimate determination as to whether tax liability exists." United States v. White, 853 F.2d 107, 111 (2d Cir. 1988). The Government further asserts

7

that a stay could risk the "loss of records or the dimming of memories." See Diversified Group, Inc., 2002 WL 31812701, at *2 (citing United States v. Clark, No 79-190-G, 1980 WL 1502, at *1 (M.D.N.C. Feb. 6, 1980). The Court concludes that the issuance of a stay could substantially injure the Government.

    4.    Public Interest

The Government argues that the public interest factor is functionally the same as the previous factor because the Government is the only other interested party. The Court agrees. In actions brought by federal agencies, "the government's interest is in large part presumed to be the public's interest." United States v. Rural Elec. Convenience Cooperative Co., 922 F.2d 429, 440 (7th Cir. 1991). The Supreme Court has referenced the government's need to "assess and collect taxes as expeditiously as possible." Bob Jones Univ. v. Simon, 416 U.S. 725, 736 (1974). The Court finds that the public interest lies with the speedy resolution of tax-related controversies, not with a stay that would further delay the summons enforcement proceedings.

In sum, the Court finds that all four of the Hilton factors weigh toward denying Respondents' Motion for Stay Pending Appeal.

As a final matter, the Court observes that Respondents may also request a stay of the summons enforcement from the Ninth

Circuit.  See Fed. R. App. P. 8(a) (stating that a party may file a motion for a stay of a district court order pending appeal provided that the party first files for the same relief in the district court); see also Diversified Group, Inc., 2002 WL 318127701, at *2 (denying the respondent's motion for stay of an IRS summons but extending the term for compliance to forty days after its ruling, reasoning that it "should do nothing to forestall [the respondent's] right to request a stay from the Court of Appeals").  Given that the Government appears to consent to a five-day stay in its Response, the Court will stay enforcement of the IRS summonses until February 14, 2008, five (5) days after this ruling, to allow Respondents to request a stay from the Ninth Circuit.

## CONCLUSION

For all the foregoing reasons, the Court DENIES Respondents' Motion for Stay Pending Appeal, but will stay the summons enforcement for five (5) days after this ruling to permit Respondents to seek a stay from the Ninth Circuit.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 7, 2008.



_____
Alan C. Kay
Sr. United States District Judge

United States v. Bright, Civ. No. 07-00311 ACK-BMK, Order Denying Respondents' Motion for Stay Pending Appeal and Allowing Respondents Five Days to Request a Stay From the United States Court of Appeals for the Ninth Circuit.