IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Civ. No. 07-00311 ACK-KSC |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| CHERIE J. BRIGHT and BENJAMIN K. BRIGHT, | ) |
| | ) |
| | ) |
| Respondents. | ) |
| | ) |

**ORDER DENYING RESPONDENTS' JOINT MOTION FOR STAY OF CONTEMPT ORDER PENDING APPEAL, OR IN THE ALTERNATIVE, FOR A CONTINUANCE OF THE PAYMENT DATES**

On August 27, 2008, Cherie J. Bright and Benjamin K. Bright (collectively "Respondents") moved this Court to stay its Order Adopting the Magistrate Judge's Findings and Recommendation to Grant the United States' Motion for Contempt, issued on August 20, 2008 ("Contempt Order"), or in the alternative, for a two-week continuance of the payment dates ("Motion").  The Government opposed the Motion on September 2, 2008.  For the reasons set forth below, the Court denies the Motion in its entirety.

**BACKGROUND**[1]

On March 12, 2008, the Government filed a Motion for

---

[1] The full history of this case is set out in previous Orders dated September 11, 2007, October 23, 2007, February 7, 2008, and August 20, 2008, and will not be repeated herein.

1

Contempt, asserting that Respondents had failed to produce all documents responsive to the Court's Order enforcing the IRS summonses issued to them.  On June 2, 2008, Magistrate Judge Kevin S.C. Chang issued Findings and a Recommendation that this Court grant the Government's Motion ("F&R").  On June 12, 2008, Magistrate Judge Chang issued a Supplement to the F&R ("Supplemental F&R").  On June 13, 2008, Respondents filed Objections to the F&R.  The Government filed a Response to the F&R on June 26, 2008, and Respondents were permitted to file a Reply on June 30, 2008.

On August 20, 2008, the Court issued the Contempt Order adopting both the F&R and the Supplemental F&R.  The Court agreed with the Magistrate that Respondents were in contempt of the Court's Order enforcing the IRS summonses ("September 11, 2007 Order").  The Court further found that the coercive and compensatory sanctions recommended by the Magistrate were reasonable and appropriate considering the circumstances of this case.  Respondents were ordered to begin paying a daily fine of $500 per calendar day starting on August 27, 2008, until they purge their contempt, and to remit payment of $8,882.21 in attorneys' fees and $2,711.38 in costs, for a total of $11, 593.59, to the Government by September 1, 2008.  <u>See</u> Contempt Order at 20-25.

On August 27, 2008, Respondents each filed separate

Notices of Appeal of the Contempt Order to the United States Court of Appeals for the Ninth Circuit. That same day, Respondents jointly filed the instant Motion in this Court. On August 29, 2008, Respondents filed a similar motion to stay with the Ninth Circuit.

## STANDARD OF REVIEW

The district court has discretion to stay the enforcement of a civil judgment pending an appeal. See Fed. R. Civ. P. 62(c). In determining whether to grant a stay, the court considers four factors: (1) whether the movant has made a strong showing of success on the merits; (2) whether the movant will be irreparably injured without a stay; (3) whether issuance of a stay will substantially injure the other interested parties; and (4) where the public interest lies. See Hilton v. Braunskill, 481 U.S. 770, 776 (1987); Natural Resources Defense Council, Inc. v. Winter, 502 F.3d 859, 863 (9th Cir. 2007); United States v. 1020 Elect. Gambling Mach., 38 F.Supp.2d 1219, 1220 (E.D. Wash. 1999).

## DISCUSSION

Respondents ask the Court to stay the Contempt Order until their appeal to the Ninth Circuit is heard. In the alternative, Respondents ask that they be granted a two-week continuance before they are required to begin paying the daily fine and the Government's fees and costs. In response, the

Government argues that Respondents have failed to substantively establish that they are entitled to a stay under the four Hilton factors. See Hilton, 481 U.S. at 776. The Court examines each factor in turn.

    1.   Likelihood of Success

Under the first Hilton factor, the court considers "whether the stay applicant has made a strong showing that he is likely to succeed on the merits" of his appeal." See Hilton, 481 U.S. at 776. Respondents do not address this factor in their Motion. Instead, Respondents argue that the Court should grant a stay because the Ninth Circuit stayed a contempt order in a separate but related case, United States v. Liddell, Civ. No. 07-00310 SOM-KSC. The Court has already informed Respondents that the issues and rulings in Liddell are distinct and do not control the outcome of this case. See Contempt Order at 12. The Court further notes that the coercive sanctions ordered in Liddell - imprisonment and an $1,000.00 daily fine - were more severe than the sanctions ordered in the instant case. See Order, Civ. No. 07-00301 SOM-KSC at 2 (May 2, 2008).

In addition, Respondents argue that the Court should grant a stay because its conclusions regarding Respondents' compliance with the summonses were based on flawed reasoning. The Court has already considered and rejected Respondents' arguments concerning the production of the offshore credit card

documents.  Moreover, the Court had ample justification for determining that Respondents have neither complied with the September 11, 2007 Order, nor demonstrated that they were unable to comply.  Respondents' argument that the Court imposed punitive rather than coercive sanctions is likewise without merit.  The sanctions imposed were "designed to compel future compliance" with the September 11, 2007 Order, and were therefore "coercive and avoidable through obedience."  See Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827 (1994).

Respondents have appealed the Contempt Order.  Thus, it is now up to the Ninth Circuit to determine the soundness of the Court's rulings.  The Court finds that Respondents have not demonstrated a likelihood of success on appeal.

### 2.   Irreparable Harm to Respondents

Next, the Court considers whether Respondents will be irreparably injured without a stay.  See Hilton, 481 U.S. at 776.  Respondents claim that the Court improperly inferred from their refusal to produce the offshore credit card documents that they refuse to produce other types of records, and thus placed them in an "untenable position" of having to either relinquish Ms. Bright's Fifth Amendment privilege or pay the $500.00 daily fine.  See Motion at 5.  However, to the extent Respondents are arguing that they are harmed simply by having to choose between waiving their Fifth Amendment rights and facing contempt sanctions, that

5

argument is not sufficient.  See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1480 (9th Cir. 1992) (noting that "even assertion of constitutional rights may be burdened by requiring those who assert them to risk contempt").

The Court further notes, as it did in its February 8, 2008 Order denying Respondents' previous motion for a stay pending appeal, that "[s]everal courts have held that the production of documents in response to an IRS summons is not sufficient irreparable injury to qualify for a stay of enforcement."  See United States v. Diversified Group, Inc., No. M 18-304 PKL, 2002 WL 318127701, at *1 (S.D.N.Y. Dec. 13, 2002) (citing United States v. Sweet, No. 80-5046, 1980 WL 4702, at *1 (5th Cir. Jan. 31, 1980); Simmons v. United States, No. CV-F-94-5500, 1995 WL 149353, at *2-4 (E.D. Cal. Mar. 6, 1995), aff'd, 86 F.3d 1163 (9th Circ. 1996); United States v. Barth, 591 F. Supp. 91, 101 (D. Conn. 1984), aff'd in part and rev'd in part, 745 F.2d 184 (2d Cir. 1984); United States v. Blackburn, 538 F. Supp. 1385, 1387 (M.D. Fla. 1982)).

The Court finds that Respondents have failed to demonstrate that they will suffer irreparable harm without a stay.

### 3. Substantial Harm to the Government

The Court now considers whether issuance of a stay will substantially injure the Government, as the only other interested

party.  See Hilton v. Braunskill, 481 U.S. at 776.  The Court concludes that it will.  "Summons enforcement proceedings are intended to be summary in nature so that an investigation can advance to an ultimate determination as to whether tax liability exists."  United States v. White, 853 F.2d 107, 111 (2d Cir. 1988).  A stay could risk the "loss of records or the dimming of memories."  See Diversified Group, Inc., 2002 WL 31812701, at *2 (citing United States v. Clark, No. 79-190-G, 1980 WL 1502, at *1 (M.D.N.C. Feb. 6, 1980).  As the Government points out, the summonses at issue were served over two years ago.  Respondents have had ample time to comply.  The Court concludes that the issuance of a stay at this stage would harm the Government.

    4.   Public Interest

The Court agrees with the Government that the public interest factor is functionally the same as the previous factor because the Government is the only other interested party.  See United States v. Rural Elec. Convenience Cooperative Co., 922 F.2d 429, 440 (7th Cir. 1991) (stating that in actions brought by federal agencies, "the government's interest is in large part presumed to be the public's interest").  Thus, the Court finds that all four of the Hilton factors weigh toward denying the issuance of a stay.

    The Court further rejects Respondents' alternative request for a two-week continuance of the payment dates.

7

Respondents have had months to comply with the summonses and have instead engaged in myriad stall tactics.  Moreover, the Court's Order of August 20, 2008, gave Respondents seven (7) days within which to purge the contempt.  This request appears to be another attempt to delay compliance, and the Court will not allow it.

### **CONCLUSION**

For all the foregoing reasons, the Court DENIES Respondents' Joint Motion for Stay of Contempt Order Pending Appeal, or in the Alternative, for a Continuance of the Payment Dates.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September 2, 2008.



_____
Alan C. Kay
Sr. United States District Judge

United States v. Bright, Civ. No. 07-00311 ACK-KSC, Order Denying Respondents' Joint Motion for Stay of Contempt Order Pending Appeal, or in the Alternative, for a Continuance of the Payment Dates.