```
        IN THE UNITED STATES DISTRICT COURT

           FOR THE DISTRICT OF HAWAII
```

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 07-00311 ACK-KSC |
| ) | |
|    Petitioner, ) | FINDINGS AND |
| ) | RECOMMENDATION TO GRANT IN |
|   vs. ) | PART AND DENY IN PART |
| ) | UNITED STATES' MOTION FOR |
| CHERIE BRIGHT, BENJAMIN ) | FURTHER CIVIL CONTEMPT |
| BRIGHT, ) | SANCTIONS |
| ) | |
|    Respondents. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART UNITED STATES' MOTION FOR
<u>FURTHER CIVIL CONTEMPT SANCTIONS</u>

Before the Court is Petitioner United States of America's ("Petitioner") Motion for Further Civil Contempt Sanctions ("Motion"), filed July 9, 2009. No Opposition was filed by the July 23, 2009 deadline. Instead, Respondents Cherie and Benjamin Bright (collectively "Respondents") filed Supplemental Declarations and Oppositions to the Motion on August 6 and 7, 2009, respectively. The Court issued two Entering Orders, one on August 7, 2009 and the other on August 10, 2009, holding that the Declarations/Opposition would not be considered to the

extent that they were submitted in opposition to the Motion.[1]

This matter came on for hearing on August 10 and August 11, 2009.[2] Trial Attorney Jeremy Hendon appeared on behalf of Petitioner; Thomas Otake, Esq. appeared on behalf of Mr. Bright; and Michael Green, Esq. and Christopher Cannon, Esq. appeared on behalf of Ms. Bright. After carefully considering the Motion, the supporting memorandum, and the arguments of counsel, the Court HEREBY FINDS AND RECOMMENDS that Petitioner's Motion be GRANTED IN PART AND DENIED IN PART.

BACKGROUND

As the Court and the parties are familiar with the extensive history of this case, the Court includes

---

[1] Despite these Orders, the Court has reviewed the Declarations/Oppositions and will take into consideration the information therein to make a fully informed and reasoned recommendation to the district court.

[2] The Court was forced to hold the additional August 11, 2009 hearing to address the Motion as to Mr. Bright because Mr. Otake did not attend the August 10, 2009 hearing.

only those facts bearing relevance to this Motion.  On May 13, 2009, the Court held an evidentiary hearing and heard Ms. Bright's motion to purge contempt.  On June 4, 2009, the Court issued a Findings and Recommendation Regarding Evidentiary Hearing and Order Denying Respondent Cherie Bright's Motion to Purge Contempt ("F&R"), wherein the Court gave Respondents thirty additional days to pay their overdue fines and satisfy their burden of production.  F&R at 17-18.  The Court also instructed that Petitioner may seek to forfeit Respondents' assets and request incarceration until Respondents comply.  Id.  There being no objections to the F&R filed by Respondents, the district court issued an Order Adopting Magistrate's Findings and Recommendation ("Order") on June 25, 2009.  On July 6, 2009, Ms. Bright filed a motion to stay enforcement of the Order pending appeal.  On July 13, 2009, this Court denied the motion to stay.

## DISCUSSION

Petitioner requests that the Court 1)

incarcerate Respondents until they either produce the remaining outstanding documents or meet their burden that they have a present inability to comply; 2) reinstate the daily fines until they either produce the remaining outstanding documents or meet their burden that they have a present inability to comply; and 3) continue to impose compensatory sanctions (attorneys' fees and costs) incurred as a result of attempting to obtain compliance.

      Although Respondents did not timely oppose the Motion, they argue that they have produced all summonsed documents in their possession, custody, or control, and have taken all steps to obtain outstanding documents. They further argue that they are unable to pay the contempt fines.

      The narrow issue before the Court is whether further sanctions are appropriate. In the F&R, the Court gave Respondents thirty additional days to pay their overdue fines and satisfy their burden of production. F&R at 17-18. The Court also instructed

that Petitioner may seek to forfeit Respondents' assets and request incarceration until Respondents comply. Id.  To date, Respondents have yet to pay their overdue fines or satisfy their burden of production. Accordingly, the imposition of further sanctions is not only appropriate, but necessary.

The Court employs civil contempt sanctions "for two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained."  Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992) (citing United States v. United Mine Workers of America, 330 U.S. 258, 303-04 (1947)).  If a sanction is imposed for the purpose of coercing the contemnor, "the court must, in determining the size and duration of the sanction, 'consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.'"  Id. (quoting United Mine Workers, 330 U.S. at 304).

5

A court may award fines as a compensatory sanction, but such "awards are limited to 'actual losses sustained as a result of the contumacy.'" Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986) (citation omitted); see also United Mine Workers, 330 U.S. at 304 (stating that a compensatory fine must "be based upon evidence of complainant's actual loss").  Courts also have the power to order imprisonment.  Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1250 (9th Cir. 2006).  "A close analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order.  Like civil imprisonment, such fines exert a constant coercive pressure."  Id. (quoting Int'l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 829 (1994)) (quotations omitted).

In the present case, the Court has been extremely patient and accommodating in order to afford Respondents ample time to explore all avenues

6

appropriate and necessary to comply with the summonses and to protect their respective interests.  Rather than using these opportunities and extensions of time to fully comply with the summonses (or to demonstrate an inability to comply), Respondents have engaged in dilatory tactics, accomplishing little more than sending letters to various companies and individuals to request documents and receiving limited responses.  While the Court recognizes all of the efforts made by Respondents, these efforts have been grossly inadequate.  Significantly, since Petitioner first moved for contempt early last year, Respondents have repeatedly represented that they have taken all steps to comply with the summonses and that they have produced all documents in their possession.  Yet each time Respondents are confronted with an order from the Court, they engage in piecemeal efforts to obtain outstanding documents.  As such, the Court is disinclined to accept as true Respondents' assertion that they have produced all documents in their

possession, custody, and control or taken all reasonable steps to obtain outstanding documents. The Court is unpersuaded that Respondents have in fact done everything within their power to comply with the summonses, given their previous actions and/or inaction in this case.

For these reasons, the Court recommends that the district court 1) reinstate the $500 daily fine[3] against Respondents until they either produce the remaining outstanding documents or meet their burden that they have a present inability to comply and 2) continue to impose compensatory sanctions (attorneys' fees and costs) incurred by Petitioner that have resulted from its efforts to obtain compliance. The Court finds that these fines are appropriate despite Respondents' contention that they are unable to pay the

---

[3] Respondents are still responsible for the balance of past due fines. Petitioner orally requested that the Court enter judgment as to the fines as an alternative to forfeiture. Because this request was made at the hearing for the first time, and the parties have not briefed the issue, the Court declines to issue such a recommendation.

daily fine.  Respondents have not submitted any documentation[4] to the Court to substantiate their bald conclusory statements in their declarations concerning their purported indigence, nor have they provided any evidence of any attempts they have made to secure funds to pay their outstanding fines.  Until Respondents submit additional concrete evidence of their inability to pay the daily fine, the Court recommends that the fine remain in effect.

In addition to the foregoing recommendation for monetary coercive and compensatory sanctions, the Court recommends incarceration for Ms. Bright.[5]  The Court

---

[4] Documentation includes, but is not limited to the following: financial statements, mortgages, promissory notes, pay stubs/other income verification.

[5] The Court declines to recommend incarceration for Mr. Bright at this time.  It appears, based on the record before the Court, that Mr. Bright may not share as significant a responsibility as Ms. Bright in accessing the outstanding documents.  By so finding, the Court is not expressing any opinion regarding the appropriateness of purgation.  At the hearing on August 11, 2009, Mr. Otake argued that the Court should purge contempt as to Mr. Bright.  However, purgation is not the subject of this Motion.  Mr. Bright may file an appropriately supported motion seeking relief under the circumstances.

views incarceration as a last resort.  However, at this point, it appears that nothing short of incarceration will compel Ms. Bright's compliance.  An increase in the daily fine would be futile, as Ms. Bright has stopped paying the same.  Further, it is clear that the rather substantial fine imposed by the Court has not exerted the degree of pressure necessary to compel her compliance.  Even faced with the possibility of incarceration and at least five warnings by the Court (both this Court and Senior United States District Judge Alan C. Kay) that it was open to recommending/ordering incarceration, Ms. Bright continues to ignore her obligations.  Consequently, the Court recommends that the district court incarcerate Ms. Bright until she either produces the remaining outstanding documents or satisfies her burden that she has a present inability to comply.  The recommendation of this and the aforementioned sanctions is necessary to compel Respondents' compliance and to compensate Petitioner for the countless hours spent on its

attempts to obtain Respondents' compliance.

## CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT IN PART AND DENY IN PART Petitioner United States' Motion for Further Civil Contempt Sanctions, filed July 9, 2009. The Court recommends that the district court 1) reinstate the $500 daily fine against Respondents until they either produce the remaining outstanding documents or meet their burden that they have a present inability to comply; 2) continue to impose compensatory sanctions (attorneys' fees and costs) incurred by Petitioner that have resulted from its efforts to obtain compliance; and 3) incarcerate Ms. Bright until she either produces the remaining outstanding documents or satisfies her burden that she has a present inability to comply.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, August 11, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 07-00311 ACK-KSC; UNITED STATES OF AMERICA V. BRIGHT, et al.; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART UNITED STATES' MOTION FOR FURTHER CIVIL CONTEMPT SANCTIONS