IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIVIL NO. 07-00311 ACK-KSC |
| | ) |
| Petitioner, | ) ORDER GRANTING IN PART AND |
| | ) DENYING IN PART RESPONDENT |
| vs. | ) CHERIE BRIGHT'S MOTION TO |
| | ) PURGE CONTEMPT AND |
| CHERIE BRIGHT, BENJAMIN BRIGHT, | ) FINDINGS AND |
| | ) RECOMMENDATION TO |
| | ) INCARCERATE CHERIE BRIGHT |
| Respondents. | ) |
| _____ | ) |

ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT
CHERIE BRIGHT'S MOTION TO PURGE CONTEMPT AND FINDINGS
AND RECOMMENDATION TO INCARCERATE CHERIE BRIGHT

Before the Court is Respondent Cherie Bright's ("Ms. Bright") Motion to Purge Contempt ("Motion"), filed September 29, 2009. On September 30, 2009, Ms. Bright filed a Supplemental Declaration. On October 1, 2009, Ms. Bright filed a Second Supplemental Declaration. On October 27, 2009, Petitioner United States of America ("Petitioner") filed a Response. Ms. Bright filed a Third Supplemental Declaration on November 5, 2009. On November 12, 2009, Petitioner filed a Response to the Third Supplemental Declaration, as directed by the Court. Ms. Bright also filed a

Fourth Supplemental Declaration on November 12, 2009. By way of Entering Order, the Court informed Ms. Bright that it would not consider this submission due to the untimeliness of the filing.  See Doc. No. 219.

This matter came on for hearing on November 16, 2009.  Trial Attorney Jeremy Hendon appeared on behalf of Petitioner and Christopher Cannon, Esq., appeared on behalf of Ms. Bright.  After careful consideration of the Motion, the supporting and opposing memoranda, and the arguments of counsel, the Court HEREBY GRANTS IN PART AND DENIES IN PART Ms. Bright's Motion, and FINDS AND RECOMMENDS that she be incarcerated, for the reasons set forth below.

## BACKGROUND

As the Court and the parties are familiar with the extensive history of this case, the Court includes only those facts bearing relevance to this Motion.  On August 11, 2009, this Court issued a Findings and Recommendation to Grant in Part and Deny in part United States' Motion for Further Civil Contempt Sanctions

("F&R"). Respondents objected to the F&R.

On September 15, 2009, Senior United States District Judge Alan C. Kay issued an Order Adopting as Modified the Magistrate Judge's Findings and Recommendation to Grant in Part and Deny in Part the United States's Motion for Further Civil Contempt Sanctions ("9/15/09 Order").

## DISCUSSION

A.  Paragraph 1:  Offshore Credit Cards

In the 9/15/09 Order, Judge Kay determined that Ms. Bright had not purged her contempt with respect to paragraph 1 of the summons.  Judge Kay specifically noted that the application appeared to be the only outstanding item regarding the card ending in 0496 and that Ms. Bright was apparently taking additional steps to produce outstanding documents for the cards ending in 7755, 0690, and 7763.  9/15/09 Order at 8-9.  Since then, Ms. Bright has obtained statements and applications by subpoenaing Fiserv, and produced those documents to Petitioner.  Mot., Exs. A & B.  She also

submitted an application from Butterfield Bank for the card ending in 0496. Supplemental Decl. of Cherie Bright ("Bright Supplemental Decl.") at ¶ 3, Ex. A.

Petitioner acknowledges receipt of some documents (monthly statements and credit card applications) requested in paragraph 1 of the summons. Response at 3. However, Petitioner points out deficiencies with the production related to the card ending in 7763. The most recent statement in Petitioner's possession is the statement dated October 21, 2003, which indicates a negative "New Balance" of $17,098.63, and charges/debits totaling $22,744.31. Response, Ex. A. Petitioner contends that Ms. Bright has failed to produce an explanation about why no further statements can be produced, such as a final statement to document the closing date of the account, or verification that no charges have been made since October 21, 2003. Given Ms. Bright's previous representation that Lindsay Barrett provided the necessary authorization for Hallmark Bank to release

all requested documents regarding card 7763, Petitioner questions why Hallmark Bank cannot produce the remaining statements for this card, when it is clear that the card was not closed as of October 21, 2003.

After reviewing the evidence before it, the Court finds that Ms. Bright has purged her contempt with respect to the cards ending in 0469, 7755, and 0690. However, she still remains in contempt with respect to the card ending in 7763. Ms. Bright's mere attestation that there are no further documents to produce,[1] that she does not know if any charges were made in the months for which statements have not been produced, and that she does not know how to obtain the missing records, is unavailing, given the history of this case. Ms. Bright has repeatedly insisted, since 2007, that she has taken all steps to comply with the

---

[1] Ms. Bright relies on her February 13, 2009 declaration. However, the Court already considered this declaration and nevertheless concluded that she had not purged her contempt. See Doc. No. 169 – Findings and Recommendation Regarding Evidentiary Hearing Held on May 13, 2009, and Order Denying Respondent Cherie Bright's Motion to Purge Contempt (Doc. No. 159).

summonses, that no documents are available, and that she has no further documents in her possession. Yet here we are approaching the end of 2009, and she has produced documents that she previously claimed were unavailable despite having purportedly made all reasonable efforts to obtain the same. Through its lengthy experience with Ms. Bright, the Court has learned that her conclusory statements should be examined carefully and critically. Ms. Bright has taken further steps over the course of this case, albeit piecemeal steps and in dilatory fashion, that lead the Court to believe that further steps can be taken to obtain outstanding documents; they just have yet to be taken. As Judge Kay aptly observed, "the fact that Ms. Bright is in the process of taking those steps illustrates that she has not taken all reasonable steps within her power to comply." 9/15/09 Order at 10. Any declaration from Ms. Bright claiming that she has taken all reasonable steps is therefore viewed with the utmost scrutiny. She has so attested throughout

these proceedings, yet managed to produce further documents requested in the summons, after insisting she could do nothing further. Indeed, it is difficult to believe that an account with a sizeable negative balance of $17,098.63 would have no further documented activity, and that no entity or individual would possess records of the same.

If Ms. Bright wishes to purge her contempt with respect to the card ending in 7763, she must provide concrete and credible documentation, by declaration or otherwise, from herself, Fiserv, Hallmark Bank, or other source with knowledge, that no charges were made after the October 21, 2003 statement date; if the card was closed, the date of closing; and/or provide satisfactory evidence that Hallmark Bank or another entity or individual cannot produce the remaining statements.

B. Paragraph 4: Colony Mortgage

Although Judge Kay recognized that Ms. Bright was in the process of attempting to come into

compliance regarding the Colony Mortgage documents, he concluded that she remained in contempt inasmuch as she had yet to take all reasonable steps within her power to produce the documents. 9/15/09 Order at 12-13. Ms. Bright now argues that she should be purged of contempt because she has signed a new promissory note, as recommended by Colin Chaffe in his letter dated June 22, 2009, and contacted Gary Shigemura, Esq. and Martin Schainbaum, Esq., who did not have in their possession responsive documents. Mot., Exs. E & F.

Petitioner affirms that no documents remain outstanding with respect to Colony Mortgage. As such, the Court finds that Ms. Bright has purged her contempt with respect to paragraph 4.

C. Paragraph 10: Asia Pacific Insurance Company Claim

Ms. Bright argues that she should be purged of contempt as to the application and correspondence. At the hearing, Petitioner acknowledged that this matter should be considered resolved. For this reason, the Court finds that Ms. Bright has purged her contempt as

to the Asia Pacific documents.

D.  Paragraph 11: Scholarships, Grants and Other Financial Aid

Judge Kay determined that Respondents remained in contempt and instructed Respondents to contact Colin Chaffe and Nicola Jordan to request additional documents regarding Kalani Bright's Wealthshare scholarship records.  9/15/09 Order at 19-20.  Ms. Bright maintains that the documents at issue were already produced to the government in June 2005 and that Ms. Jordan has responded that she, ISBP, Wealthshare and Maestro Management do not have any further records.[2]  Bright Supplemental Decl., Ex. E. The Court is not persuaded that the 2005 production purges Ms. Bright of contempt with respect to paragraph

---

[2] Without reaching the question of admissibility of Ms. Jordan's handwritten responses to Ms. Bright's letter, the Court determines that given Ms. Bright's misplaced focus on the Total Bank records and erroneous belief that those documents are responsive to the summons, Ms. Jordan's responses, even if admissible, would not establish the non-existence of documents responsive to paragraph 11 of the summons.  The broad questions asked of Ms. Jordan do not specifically address the types of documents at issue here - applications, promotional materials, etc.

11. Ms. Bright continues to erroneously argue that Petitioner already possesses scholarship and financial aid documents. While Petitioner may have in its possession Total Bank records for Wealthshare and ISBP, these are not the documents presently at issue. As explained by Petitioner, the documents requested in the summons concern scholarships, grants, or other financial aid, including but not limited to, "documents offering the scholarship or financial aid, or describing the qualifications or eligibility requirements or other criteria for selecting recipients, all scholarships or financial aid applications, and all correspondence between you and any family member and any person with respect to the scholarship or financial aid." Response at 9 (quoting Paragraph 11 of the Summons).

    Other than the checks that both she and Mr. Bright have produced representing payment for the alleged scholarships, the documents produced by Ms. Bright (Total Bank records) are not responsive to the

summons, at least with respect to the documents currently outstanding. Thus, there is an absence of evidence on the record to establish compliance. In her Third Supplemental Declaration, Ms. Bright states that she has no further documentation. Third Supplemental Decl. at ¶ 17. She also explains that Mr. Chaffe orally informed her about the scholarship and did not provide promotional materials. Id. at ¶ 15. Petitioner challenges the veracity of these statements and submits that Ms. Bright must provide a credible explanation why these materials do not exist. According to Petitioner, the IRS has learned that other children who received scholarships from Wealthshare completed applications. The Court agrees that Ms. Bright has yet to satisfy her burden. Until Ms. Bright produces the documents requested in the summons (i.e., applications, promotional materials, etc.), or verifies the non-existence of the same and offers a credible explanation why these documents do not exist,[3] she will

---

[3] The Court agrees with Petitioner that it is not believable that no promotional materials, application,

remain in contempt as to paragraph 11.

Based on the foregoing, Ms. Bright has purged her contempt as to 1) the credit cards ending in 7755, 0496, 0690; 2) the Asia Pacific documents; and 2) the Colony Mortgage Documents.  She remains in contempt with respect to 1) the credit card ending in 7763 and 2) Scholarship, financial aid, and grant documents.

The Court is open to entertaining future motions to purge, but cautions Ms. Bright that it reserves the right to decline to hold a hearing until the request is adequately supported with concrete, admissible evidence that would support purgation. United States v. Liddell, Civil No. 07-00310 SOM-KSC, docket no. 135 (explaining that the court is willing to provide the respondent with every opportunity to purge his contempt, but has concerns about holding hearings that will not be fruitful, and concluding that the court will not hold a hearing to hear about documents

---

or correspondence exist, and that Ms. Bright should offer an explanation why documents that would ordinarily be expected to exist do not exist in this case.

12

that will not suffice to purge the contempt).

E.  Sanctions

Ms. Bright maintains that she is unable to pay the daily fines.  On November 12, 2009, she untimely submitted a Fourth Supplemental Declaration, which included evidence of her financial situation.  The Court issued an Entering Order on November 13, 2009, to inform Ms. Bright that it would not consider this late filing.[4]  Ms. Bright has failed to demonstrate an inability to pay the past due and current fines.  If Ms. Bright should successfully purge her contempt as to

---

[4] Even if the Court considered this supplemental declaration, the ruling herein would not differ. Exhibit A to the declaration is comprise of documents, including but not limited to credit card, bank, and retirement account statements, tax liens, and property assessment.  These documents fall well short of establishing a true picture of Ms. Bright's financial situation, and her corresponding ability (or inability) to pay the monetary fines.  Of note, the submission lacks any evidence of Ms. Bright's income.  Considering her mortgage and the sizeable balances on the credit card statements provided, it would be critical to ascertain how Ms. Bright is able to pay these balances.  Ms. Bright has also failed to provide evidence of any attempts to secure funds to pay the outstanding fines.

the outstanding documents, such purgation would likely be conditioned upon 1) fully satisfying the amounts due and owing from the coercive sanctions as well as the compensatory sanctions or 2) demonstrating an inability to pay the fines.[5]

  Petitioner submits that an order of incarceration should enter insofar as Ms. Bright has failed to meet her burden.  Judge Kay declined to adopt this Court's recommendation, in the F&R, to incarcerate Ms. Bright, but informed Petitioner that it could move for an order of incarceration if Ms. Bright did not achieve compliance or establish a present inability to comply within twenty days from September 15, 2009. Having found that Ms. Bright has not fully purged her contempt and that she has not established a present inability to comply, the Court must again RECOMMEND that Judge Kay incarcerate Ms. Bright until she purges her contempt.

---

  [5] The Court previously described in its F&R the type of evidence that Respondents might submit to demonstrate an inability to pay.  F&R at 9 n.4.

This case has dragged on for over 2 years, during which the Court has provided numerous and repeated opportunities for Ms. Bright to comply and clear instruction regarding the steps she must take to purge her contempt. Judge Kay declined to incarcerate Ms. Bright in part because she was taking steps to comply. This Court acknowledges that some of Ms. Bright's efforts have resulted in purgation as to certain requested documents. However, it must be noted that her efforts still fall short, as she has yet to fully purge her contempt. Under applicable law, it is not enough for Ms. Bright to engage in piecemeal compliance. Both this Court and Judge Kay have expended a substantial amount of time enforcing the Summons Order as a direct result of Ms. Bright's dilatory actions. Her continued failure is inexcusable, and can only be addressed through incarceration. Ms. Bright is delinquent on her monetary fine,[6] and the imposition of the fine alone has

---

[6] She additionally has yet to be assessed a compensatory fine, which the Court has repeatedly

been ineffective at obtaining her compliance. Thus, incarceration, although a last resort, is necessary. It is this Court's belief that Ms. Bright will not truly understand the seriousness and urgency of resolving this matter unless she is incarcerated, as the mere threat of incarceration has apparently failed to motivate her full compliance.

     Prior to the filing of a further motion to purge or incarcerate, the Court suggests that Petitioner conduct an interview of Ms. Bright, which she and her counsel have agreed to submit to, so that the Court may have before it a complete and comprehensive record upon which to rule. In particular, at any future hearing, counsel should be able to argue and point to concrete evidence which answers whether Ms. Bright has exhausted all avenues for obtaining the outstanding documents and taken all reasonable steps to comply with the summonses.

---

awarded to Petitioner, in an amount to be determined once compliance is obtained.

CONCLUSION

Based on the foregoing, the Court HEREBY GRANTS IN PART AND DENIES IN PART Respondent Cherie Bright's Motion to Purge Contempt, filed September 29, 2009, and FINDS AND RECOMMENDS that Cherie Bright be incarcerated.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, November 16, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 07-00311 ACK-KSC; UNITED STATES OF AMERICA V. BRIGHT, et al.; ORDER GRANTING IN PART AND DENYING IN PART RESPONDENT CHERIE BRIGHT'S MOTION TO PURGE CONTEMPT AND FINDINGS AND RECOMMENDATION TO INCARCERATE CHERIE BRIGHT