IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL NO. 07-00311 ACK-KSC |
| ) | |
| Petitioner, ) | FINDINGS AND |
| ) | RECOMMENDATION TO GRANT |
| vs. ) | UNITED STATES' MOTION TO |
| ) | ESTABLISH AMOUNT OF |
| CHERIE BRIGHT, BENJAMIN ) | COMPENSATORY SANCTION |
| BRIGHT, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

FINDINGS AND RECOMMENDATION TO GRANT UNITED STATES'
MOTION TO ESTABLISH AMOUNT OF COMPENSATORY SANCTION

Before the Court is United States' Motion to Establish Amount of Compensatory Sanction ("Motion"), filed March 26, 2010. On April 9, 2010, Respondent Cherie Bright filed a Response.[1] On April 19, 2010,

---

[1] Christopher Cannon, counsel for Ms. Bright, requests leave of court to supplement this filing with a declaration from Ms. Bright regarding her income. The Court DENIES this request. Whether or not Ms. Bright can afford to pay the compensatory sanction has no bearing on the amount of the sanctions this Court will recommend. The Court, having already repeatedly determined that the United States is entitled to compensatory sanctions, is merely determining the amount of sanctions to which the United States is entitled. If the district court adopts these recommendations and Ms. Bright is ordered to pay the compensatory sanctions, it will then be her burden to demonstrate an inability to pay. Even assuming,

Respondent Benjamin Bright filed a Joinder to Ms. Bright's Response.[2]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  After careful consideration of the Motion, the supporting documentation, and Ms. Bright's

---

*arguendo*, that Ms. Bright could successfully establish her inability to pay, the Court would not vacate its prior recommendations to award compensatory sanctions, nor the district court's adoption of those recommendations.

Thomas Otake, counsel for Mr. Bright, also requests the same extension of time in which to provide additional information about Mr. Bright's ability to pay.  This request is DENIED not only for the reasons stated above, but because the Joinder is untimely, as discussed in footnote 2 below.

[2] Mr. Bright untimely filed the Joinder.  Under Local Rule 7.9, "any substantive joinder in a[n] . . . opposition must be filed and served within seven (7) days of the filing of the . . . opposition joined in." Local Rule 7.9 (emphasis added).  As such, Mr. Bright was required to file his Joinder by no later than April 16, 2010.  He has not sought leave of court based on good cause, nor does there appear to be a basis to grant leave.  Accordingly, he has failed to timely join in Ms. Bright's Response.

response, the Court HEREBY FINDS and RECOMMENDS that the Motion be GRANTED and that the United States be awarded compensatory sanctions in the amount of $40,518.68 ($29,841.00 in attorneys' fees and $10,677.68 in costs) for the period June 2008 to December 2009.

Mr. Hendon requests $29,841.00 in attorneys' fees and $10,677.68 in costs, for a total of $40,518.68.  Ms. Bright opposes the request for compensatory sanctions on the grounds that the majority of the litigation has been devoted to off-shore credit card records that Ninth Circuit has determined she is not required to produce.

To the extent Ms. Bright outright opposes the requested sanctions, she has no basis.  The Court has repeatedly determined that the United States is entitled to compensatory sanctions, and in fact has previously awarded compensatory sanctions.  Mr. Hendon is not moving for sanctions, but simply the amount of sanctions already deemed appropriate by this Court and Senior United District Judge Alan C. Kay.  In other

words, the limited issue currently before the Court is the *amount* of the compensatory sanctions for the period June 2008 to December 2009, not the United States' entitlement to compensatory sanctions.

The majority of this litigation has not been dedicated to the pursuit of off shore credit card records, as Ms. Bright contends.  Rather, the United States has been forced to take extraordinary steps to secure Ms. Bright's compliance with the summonses, only a portion of which involved off shore credit card records.[3]  Significantly, Ms. Bright, while arguing that the credit card records have been the focus of the litigation, remained in contempt during the period of time for which fees are requested with respect to a number of other records, including Colony Mortgage documents, Asia Pacific documents and Scholarship/ Grants/Financial Aid documents.  In fact, to date, she remains in contempt for the Scholarship/Grants/

---

[3]  Even so, a number of records related to off-shore credit card records to which the United States was entitled were produced as a direct result of the United States' efforts.

Financial Aid documents.  Accordingly, the Court will assess the reasonableness of the amount of fees requested by the United States.

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433.  Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

The factors articulated by the Ninth Circuit in Kerr are as follows:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to

> perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been subsumed in the lodestar calculation. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating

that the lodestar figure should only be adjusted in rare and exceptional cases).

A.  Reasonable Hourly Rate

Mr. Hendon argues that an hourly rate of $174 is reasonable.  In determining the reasonableness of an hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  See Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  See id.; Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"); 20 U.S.C. § 1415 ("Fees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished.").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing

community rates for similar services.  See Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987).

  Mr. Hendon's experience includes two years of federal judicial clerkship and approximately nine and a half years as a trial attorney with the United States Department of Justice, Tax Division.  Declaration of Jeremy N. Hendon in Support of Motion to Establish Amount of Compensatory Sanction ("Hendon Decl.").  This Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  Based on this Court's knowledge of the prevailing rates and Mr. Hendon's submissions in this case, this Court finds that his requested $174 hourly rate is manifestly reasonable.[4]

---

[4] In June 2008, the Court found $172.47 to be a reasonable hourly rate for Mr. Hendon. United States v. Bright, CV 07-00311 ACK-KSC, 2008 WL 4635654, at *11 (D. Haw. June 12, 2008) (finding $172.47 to be reasonable); United States v. Bright, CV 07-00311 ACK-KSC, 2008 WL 3876111, at *9 (D. Haw. Aug. 20, 2008) (adopting this Court's findings and recommendation).

B.  <u>Hours Reasonably Expended</u>

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  <u>See</u> <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were self-imposed and avoidable.  <u>See</u> <u>Tirona</u>, 821 F. Supp. at 637 (citing <u>INVST Fin. Group v. Chem-Nuclear Sys.</u>, 815 F.2d 391, 404 (6th Cir. 1987), <u>cert. denied</u>, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  <u>Soler v. G & U, Inc.</u>, 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  <u>See</u> <u>Gates</u>, 987 F.2d at 1399 (quoting <u>Hensley</u>, 461 U.S. at 433-34).

Mr. Hendon represents that he expended 171.5 hours in connection with the various motions, hearings, and responses he addressed from June 2008 to December 2009. After careful review of Mr. Hendon's detailed narrative of the hours he spent on various tasks, the Court finds that 171.5 hours are reasonable. The Court declines to adjust this amount based on the Kerr factors and recommends that the district court award the United States $29,841.00 in attorneys' fees.

In addition to attorneys' fees, the United States is entitled to recover costs. The United States requests $10,677.68 in travel costs. Mr. Hendon provided receipts and documentation for the costs, see Hendon Decl., Exs. A-G, and, where appropriate, apportioned the costs between this and other cases that required his travel to Hawaii. Having reviewed the requested costs and supporting documentation, the Court finds that the travel costs are reasonable, and were necessarily incurred in prosecuting this action. As such, the United States is entitled to recover $10,677.68 in costs.

CONCLUSION

In accordance with the foregoing, this Court, FINDS and RECOMMENDS that the district court GRANT United States' Motion to Establish Amount of Compensatory Sanction, filed March 26, 2010, and award **$29,841.00 in attorneys' fees and $10,677.68 in costs, for a total of $40,518.68**, for the period June 2008 to December 2009.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, April 26, 2010.



_____
Kevin S.C. Chang
United States Magistrate Judge

CV 07-00311 ACK-KSC; UNITED STATES OF AMERICA V. BRIGHT, et al.; FINDINGS AND RECOMMENDATION TO GRANT UNITED STATES' MOTION TO ESTABLISH AMOUNT OF COMPENSATORY SANCTION