IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Civ. No. 07-00311 ACK-KSC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| CHERIE J. BRIGHT and | ) | |
| BENJAMIN K. BRIGHT, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**ORDER ADOPTING, AS MODIFIED, THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT THE UNITED STATES' MOTION TO ESTABLISH AMOUNT OF COMPENSATORY SANCTIONS**

**BACKGROUND**

Because the issue presently before the Court is the amount of compensatory sanctions to which the petitioner, United States of America ("Petitioner" or "United States"), is entitled, it is necessary to detail the long, drawn out, history of this case.

**I.      The Summonses**

On June 19, 2006, an Internal Revenue Service ("IRS") Agent, Debra Tsuha ("Agent Tsuha"), served attested copies of IRS summonses ("Summonses") on Cherie J. Bright ("Ms. Bright") and Benjamin K. Bright ("Mr. Bright") (collectively, "Respondents"). The Summonses directed Respondents to appear on July 5, 2006, to provide testimony and fifteen categories of documents relating to their federal income tax liability for 2002 and 2003.  Broken

down by paragraph, the Summonses required that Respondents

produce, in relevant part, the following:

> Paragraph 1:  All records for the years
> beginning January 1, 2001 to the date of the
> Summonses relating to credit cards issued by
> MasterCard ending in 7755 and 0496 and any
> other offshore credit cards, including (a)
> card applications, (b) monthly or periodic
> charge statements, (c) charge receipts, (d)
> cash advance confirmations, (e) payments
> and/or funds transferred to pay for balances
> due, and (f) correspondence.

> Paragraph 4:  For each loan made or obtained
> during 2001 to the date of the Summonses, or
> that was in existence during 2001 to the date
> of the Summonses, all documents evidencing
> the terms and performance, including (a) loan
> applications, (b) correspondence, and (c)
> loan documents received from Colony Mortgage
> Company Limited ("Colony Mortgage"), dated
> May 22, 2002, as well as any other documents
> from the entity.

> Paragraph 9:  A list of credit cards used by
> third parties and (a) credit card statements,
> (b) names or persons using cards, and (c) a
> schedule of amounts reimbursed, detailing
> dates, amounts, and documentation for
> reimbursements made.

> Paragraph 10:  Concerning the claim
> information for payments received from Asia
> Pacific Mutual Insurance Company, Ltd. ("Asia
> Pacific"), (a) applications for insurance,
> (b) all insurance policies, (c)
> correspondence, (d) claims for insurance
> reimbursement, and (e) insurance company
> settlement reports.

> Paragraph 11:  All documentation relating to
> scholarships, grants, or other financial aid
> received or paid on behalf of Respondents'
> family, including payments from Collin
> Chaffe, Wealthshare Foundation
> ("Wealthshare"), and Maestro Management,

Limited ("Maestro Management").

<u>See</u> Petition to Enforce IRS Summonses, Exs. A & B.  Respondents did not appear before Agent Tsuha on July 5, 2006.

## II.    Summons Order

On June 8, 2007, the United States filed a petition to enforce the Summonses ("Petition to Enforce IRS Summonses").  On July 24, 2007, Magistrate Judge Kevin S.C. Chang issued a findings and recommendation to grant the Petition to Enforce the IRS Summonses ("7/24/07 F&R").  On August 2, 2007, Respondents filed an objection to the 7/24/07 F&R.  On September 11, 2007, this Court issued an order adopting, as modified, the 7/24/07 F&R ("Summons Order").[1/]  In its Summons Order, the Court rejected Respondents' argument that the Fifth Amendment barred enforcement of the Summonses.  Summons Order at 17 ("To the extent that the summonses request production of documents relating to accounts or transactions whose existence is known to the IRS, the Court concludes that the Fifth Amendment poses no bar to enforcing the summonses.").

On September 19, 2007, Respondents moved for reconsideration of the Summons Order, which was denied on October 23, 2007 ("10/23/07 Order Denying Reconsideration").  On October

---

[1/] The Summons Order modified Judge Chang's 7/24/07 F&R to not enforce paragraph 13 of the summonses insofar as the United States requested monthly statements from financial accounts at First Hawaiian Bank and Bank of Hawaii because the United States admitted that it already had those records in its possession.

30, 2007, Respondents appealed both the Summons Order and the 10/23/07 Order Denying Reconsideration to the Ninth Circuit.[2]

## III.        Original Contempt Order

On March 12, 2008, the United States filed a motion requesting this Court to adjudge Respondents in contempt and order appropriate sanctions.  On June 2, 2008, Judge Chang issued a findings and recommendation that found Respondents in contempt of the Summons Order ("6/2/08 F&R").  Specifically, Judge Chang found that Respondents were in contempt with respect to five of the original fifteen categories of documents.  6/2/08 F&R at 16-31.  These five categories were: (1) Paragraph 1 - Off Shore Credit Cards, (2) Paragraph 4 - Colony Mortgage and Other Loans, (3) Paragraph 9 - Third Party Payment for Respondents' American Express Accounts, (4) Paragraph 10 - Payments Received from Asia Pacific Mutual Insurance Company, Ltd., and (5) Paragraph 11 - Scholarship, Grant, Financial Aid Documents.  Id.  As a result, Judge Chang recommended that a daily fine of $500 be imposed until Respondents comply.  Id. at 34.  He additionally recommended that the United States be awarded its reasonable fees and costs incurred in connection with the motion and its efforts to obtain Respondents' compliance.  Id. at 35.  On June 12, 2008,

---

[2] As discussed below, with the exception of two credit cards not named in paragraph 1 of the Summonses (the cards ending in -7763 and -0690), the Ninth Circuit affirmed these decisions. See United States v. Bright, 596 F.3d 683, 693-94 (9th Cir. 2010).

Judge Chang issued a supplement to the 6/2/08 F&R recommending that this Court award $8,882.21 in attorney's fees and $2,711.38 in costs, for a total amount of $11,593.59 ("6/12/08 Supp. F&R"), which account for compensatory sanctions through May 29, 2008. On June 13, 2008, Respondents objected to the 6/2/08 F&R.

On August 20, 2008, this Court entered an order adopting Judge Chang's F&R and its supplement ("Contempt Order"). This Court imposed on Respondents a coercive sanction of $500 per calendar day, beginning August 27, 2008, until they fully complied with the Summons Order or established that they in good faith exercised all reasonable efforts but could not obtain the outstanding documents. Contempt Order at 22. This Court, in line with the 6/12/08 Supp. F&R, also imposed a compensatory sanction of $11,593.59 payable to the United States by September 1, 2008. Id. at 24. Importantly, in its Contempt Order the Court noted that "even if [the Court] were to modify the F&R to exclude the additional offshore credit card documents as a basis for finding contempt [which Respondents argued were protected by the Fifth Amendment], the ultimate finding of contempt would remain undisturbed." Id. at 14-15.

On August 27, 2008, Respondents appealed the Contempt Order to the Ninth Circuit.[3/]  The same day, Respondents filed a

---

[3/] As discussed infra, the Ninth Circuit affirmed this decision.  See Bright, 596 F.3d at 696 ("The district court's
(continued...)

joint motion for a stay of the Contempt Order, or alternatively for a continuance of the sanction payments, with this Court and the Ninth Circuit.  This Court denied the motion on September 2, 2008, and the Ninth Circuit denied the motion on September 10, 2008.

**IV.      September 23, 2008, Additional Request for Sanctions**

On September 23, 2008, the United States filed a notice of Respondents' non-compliance with the Contempt Order and a request for additional sanctions.  On December 1, 2008, the United States filed a supplemental brief, asserting that Respondents remained in contempt of the Summons Order in relation to paragraphs 1, 4, 9, 10, and 11 of the Summonses.  The United States therefore requested an increase in the coercive sanction to a fine of $1,000 per day, as well as incarceration.

On December 24, 2008, Judge Chang entered a findings and recommendation regarding the United States' notice and request ("12/24/08 F&R").  Judge Chang found that, for the most part, Respondents remained in contempt of the Summons Order. Specifically, with regard to paragraph 1 of the Summonses, Judge Chang found that Ms. Bright remained in contempt with respect to four credit cards ending in –0496, -7763, -7755, and -0690.  <u>Id.</u>

---

[3]/(...continued)
imposition of a $500 daily fine and payment of the government's costs was well within the range of appropriate sanctions to secure compliance with a tax summons.").

at 13-21.  As to Mr. Bright, Judge Chang found that he was in
contempt with respect to the cards ending in -7763 and -0690, but
not with respect to the cards ending in -7755 and -0496.  Id.
Judge Chang further found that both Respondents continued to be
in contempt of paragraphs 4, 9, 10, and 11.  Id. at 21-33.

Based on his finding of contempt, Judge Chang
recommended that, as to Ms. Bright, the coercive sanction be
increased to $750 per calendar day, until she fully complied with
the Summons Order by producing all responsive documents requested
in paragraphs 1, 4, 9, 10, and 11 of the Summonses or until she
satisfactorily explained why she was unable to do so.  Id. at 37-
38.  Judge Chang declined to increase Mr. Bright's previously-
imposed $500 per calendar day fine, because of the uncertainty as
to Mr. Bright's involvement and responsibility.  Id.  With
respect to the United States' request for incarceration, Judge
Chang deferred his decision until further hearing on the matter.
Id. at 38.  Lastly, he found that the United States is entitled
to additional continuing compensatory sanctions in the form of
attorney's fees and costs for "its considerable efforts to obtain
compliance."  Id. at 39.

On January 5, 2009, the United States, Ms. Bright, and
Mr. Bright each filed objections to the 12/24/08 F&R.  On
February 13, 2009, the United States filed a status report.  The
status report explained that, on February 2, 2009, Agent Tsuha

7

had interviewed Mr. Bright and that based on the interview and all of the previous evidence and briefs filed in this matter, the United States was no longer seeking to hold Mr. Bright in civil contempt of the Summons Order with respect to the documents requested in paragraph 1 of the Summonses.

On February 27, 2009, this Court issued an order adopting, as modified, the 12/24/08 F&R ("2/27/09 Order"). This Court adopted most of Judge Chang's findings and recommendations, but modified Judge Chang's ruling with regard to paragraph 10. Specifically, this Court found that "with respect to paragraph 10 of the Summons, Respondents have purged their contempt of the Summons Order as to claims for insurance reimbursements and insurance company settlement reports, but that they remain in contempt as to the insurance application and correspondence." 2/27/09 Order at 27.

V.      **Ms. Bright's First Motion to Purge Contempt**

Ms. Bright filed a motion to purge contempt on May 7, 2009. On May 13, 2009, Judge Chang held an evidentiary hearing regarding Respondents' efforts to purge their contempt.[4] On June 4, 2009, he entered a findings and recommendation denying Ms. Bright's motion to purge, and found that Respondents largely remained in contempt of the Summons Order ("6/4/09 F&R").

---

[4] Although only Ms. Bright filed the motion to purge contempt, Judge Chang addressed both of Respondents' contempt.

8

Specifically, Judge Chang found that Ms. Bright remained in contempt with respect to paragraphs 1, 4, 10, and 11.  6/4/09 F&R at 9-14.  Further, Judge Chang rejected Mr. Bright's attempt to purge his contempt with respect to paragraphs 4 and 10.  Id. at 14-16.  However, Judge Chang noted that the United States had withdrawn its request that Respondents be held in contempt regarding third-party payments for American Express Accounts (paragraph 9), and thus found that Respondents were no longer in contempt with respect to paragraph 9.

In addition, he explained that Respondents were in arrears of their monetary sanctions.  6/4/09 F&R at 17.  Judge Chang therefore recommended that the United States seek to forfeit Respondents' assets to satisfy the arrearage if they failed to pay the overdue fines within thirty days.  Id.[5/]  He noted that, if they failed to do so, the United States could request that Respondents be incarcerated.  Id. at 17-18.  On June 24, 2009, after no objections were filed by any party, this Court adopted the 6/4/09 F&R ("6/24/09 Order").

**VI.       July 9, 2009, Additional Request for Sanctions**

On July 9, 2009, the United States filed a motion for further civil contempt sanctions, requesting that the Court order Respondents' incarceration and continue to impose daily fines

---

[5/] Judge Chang stayed Respondents' daily coercive fines during this thirty day period.  6/4/09 F&R at 18.

until they produce the remaining outstanding documents under the Summonses or meets their burden of showing that they have a present inability to comply ("U.S.'s July 9 Mot.").  The United States also requested that the Court continue to impose compensatory sanctions against Respondents in the form of its reasonable attorney's fees and costs incurred as a result of attempting to obtain compliance with the Summons Order.

On August 10, 2009, Judge Chang held a hearing on the U.S.'s July 9 Mot. as to Ms. Bright.  Judge Chang had to continue the hearing as to Mr. Bright to the next day because Mr. Bright's counsel failed to appear at the hearing.  On August 11, 2009, Judge Chang issued a findings and recommendation to grant in part and deny in part the U.S.'s July 9 Mot., recommending that this Court continue to impose coercive and compensatory sanctions, and also recommending that Ms. Bright be incarcerated ("8/11/09 F&R").  On August 20, 2009, Mr. Bright objected to the 8/11/09 F&R.  Similarly, on August 21, 2009, Ms. Bright objected to the 8/11/09 F&R.

On September 15, 2009, this Court issued an Order Adopting, as Modified, Judge Chang's 8/11/09 F&R ("9/15/09 Order").  In its 9/15/09 Order, the Court determined that Ms. Bright remained in contempt with regard to documents relating to four offshore credit cards (paragraph 1).  9/15/09 Order at 7-11. With respect to paragraph 4, this Court held that Ms. Bright had

not purged her contempt, but that Mr. Bright had.  Id. at 11-14.

Finally, this Court found that both Respondents remained in

contempt with respect to paragraphs 10 and 11.  Id. at 14-20.

As to the monetary sanctions, this Court held that

"the daily coercive sanctions of $750 as to Ms. Bright and $500

as to Mr. Bright remain appropriate," and that "continuing

compensatory sanctions is proper."  Id. at 23.  As to

incarceration, the Court found that incarceration was not

appropriate at that time.  Id. at 24.

**VII.      Mr. Bright's First Motion to Purge Contempt**

On September 3, 2009, Mr. Bright filed a motion to

purge contempt.  On October 8, 2009, Judge Chang issued an order

denying Mr. Bright's motion to purge contempt ("Judge Chang's

10/9/09 Order").  Mr. Bright did not appeal this order.

**VIII.     Mr. Bright's Second Motion to Purge Contempt**

On October 23, 2009, Mr. Bright filed a second motion

to purge contempt.  On December 3, 2009, Judge Chang issued an

order granting in part, and denying in part, Mr. Bright's second

motion to purge contempt ("Judge Chang's 12/3/09 Order").  In

accordance with Judge Chang's 11/16/09 Order, discussed infra, he

found that Mr. Bright had purged his contempt with respect to

paragraphs 10 and 11.  Judge Chang declined, however, to purge

his contempt as to the coercive and compensatory monetary fines,

as he was in arrears with respect to these sanctions.  Mr. Bright

did not appeal this order.

**IX.      Ms. Bright's Second Motion to Purge Contempt**

On September 29, 2009, Ms. Bright filed a second motion
to purge contempt.  On November 16, 2009, Judge Chang issued an
order granting in part, and denying in part, Ms. Bright's motion,
as well as a findings and recommendation to incarcerate Ms.
Bright ("11/16/09 F&R").  Judge Chang found that "Ms. Bright
ha[d] purged her contempt as to 1) the credit cards ending in
7755, 0496, 0690; 2) the Asia Pacific documents [paragraph 10];
and 3) the Colony Mortgage documents [paragraph 4].  She
remain[ed] in contempt with respect to 1) the credit card ending
in 7763 and 2) Scholarship, financial aid, and grant documents
[paragraph 11]."  11/16/09 F&R at 12.[6/]  With regard to
sanctions, Judge Chang first observed that "Ms. Bright has failed
to demonstrate an inability to pay the past due and current
fines."  Id. at 13.  He therefore held that a daily sanction of
$750 continued to be appropriate.  Moreover, because Ms. Bright
had not fully purged her contempt, Judge Chang again recommended

---

[6/] Judge Chang further remarked:

> The Court is open to entertaining future motions
> to purge, but cautions Ms. Bright that it reserves
> the right to decline to hold a hearing until the
> request is adequately supported with concrete,
> admissible evidence that would support purgation.

11/16/09 F&R at 12 (citing United States v. Liddell, Civil No.
07-00310 SOM-KSC, docket no. 135).

that Ms. Bright be incarcerated until she purges her contempt.
Id. at 14.  He reasoned that the long history of this case, in
which Ms. Bright has attempted to engage in piecemeal compliance,
along with her continued failure to produce the documents
required under the Summons, warranted incarceration.   Id.

On November 25, 2009, Ms. Bright filed an objection to
Judge Chang's 11/16/09 F&R.  On December 23, 2009, this Court
issued an Order Granting in Part, and Denying in Part, Respondent
Cherie Bright's Motion to Purge Contempt, and Rejecting the
Magistrate Judge's Recommendation to Incarcerate Respondent
Cherie Bright ("12/23/09 Order").  This Court agreed with Judge
Chang that Ms. Bright had purged her contempt with respect to
portions of paragraph 1, and all of paragraphs 4 and 10.
11/16/09 Order at 21-22.  Further, this Court agreed with Judge
Chang that Ms. Bright remained in contempt with respect to the
credit card ending in -7763 requested in paragraph 1, and the
scholarship, financial aid, and grant documents requested in
paragraph 11.  Id. at 20, 29.

As for sanctions, this Court held that a compensatory
sanction in favor of the United States and a coercive daily fine
of $750 per day remained appropriate and would continue to be in
effect until Ms. Bright purges her contempt.  Id. at 33-34.  This
Court rejected Judge Chang's recommendation of incarceration,
however, reasoning that the coercive daily fines and compensatory

sanctions appeared to be motivating Ms. Bright to produce the required documents.  Id. at 37.

**X.        The Ninth Circuit's Ruling on Respondents' Appeals**

On February 26, 2010, the Ninth Circuit issued an opinion on Respondents' appeal of the Summons Order, the 10/23/07 Order Denying Reconsideration, and the Contempt Order ("Bright"). The main contention asserted by Respondents on appeal was that this Court erred by finding that the production of records concerning offshore bank accounts (requested in paragraph 1 of the Summonses) had no testimonial significance, foreclosing a privilege claim.  Bright, 596 F.3d at 692-93.  More specifically, Respondents argued that the foregone conclusion exception did not apply to these documents, and therefore their Fifth Amendment privilege claim remained valid.  Id.  In response to Respondents' Fifth Amendment claim, the Ninth Circuit held that

> the foregone conclusion exception does apply to
> documents related to the two credit cards
> expressly named in the summonses [the cards ending
> in -7755 and -0496].  The exception, however, does
> not apply to documents concerning the two
> additional credit cards named during contempt
> proceedings, and the production of those documents
> is therefore privileged under the Fifth Amendment.

Id. at 693.  The two additional credit cards not expressly named in the Summonses were the cards ending in -7763 and -0690.  See id.  As a result, the Summons Order was "narrowed accordingly to exclude documents related to these two credit cards."  Id. at 694.

14

With regard to coercive sanctions, the Ninth Circuit affirmed the imposition of sanctions as mandated by the Contempt Order (a coercive daily fine of $500 as to both Respondents) but modified the purgation conditions to reflect the narrowing of the Summons Order.  Id. at 694; see also id. at 696 ("The district court's imposition of a $500 daily fine . . . was well within the range of appropriate sanctions to secure compliance with a tax summons.").  In addition, the Ninth Circuit affirmed the award of compensatory sanctions for the period leading up to May 29, 2008, in the amount of $11,593.59 ($8,882.21 in attorney's fees and $2,711.38 in costs), finding that the "payment of the government's costs was well within the range of appropriate sanctions . . . ."  Id. at 690, 694.

**XI.    The United States' Motion to Establish Amount of Compensatory Sanctions**

On March 26, 2010, the United States filed a Motion to Establish Amount of Compensatory Sanction ("Motion").  The United States' Motion was accompanied by the declaration of the government's counsel, Jeremy N. Hendon ("Hendon Decl.").  On April 9, 2010, Ms. Bright filed a response ("Ms. Bright's Response").[7]  Subsequently, Ms. Bright attempted to supplement

---

[7] On April 19, 2010, Mr. Bright filed a joinder to Ms. Bright's response.  Because Mr. Bright's joinder was untimely and because he did not seek leave of court based on good cause, Judge Chang found that Mr. Bright had not timely joined in Ms. Bright's response.

her response with a declaration regarding her income.  Judge

Chang, however, declined this request reasoning that whether or

not Ms. Bright can afford to pay the compensatory sanctions has

no bearing on the amount of sanctions he would recommend.

Further, Judge Chang noted that if Ms. Bright were to be ordered

to pay the compensatory sanctions, she could subsequently attempt

to demonstrate an inability to pay by way of a separate motion to

purge contempt.

On April 26, 2010, Judge Chang issued a findings and

recommendation to grant the United States' Motion to Establish

Amount of Compensatory Sanction ("4/26/10 F&R").  He recommended

that the United States be awarded compensatory sanctions in the

amount of $40,518.68 ($29,841.00 in attorney's fees and

$10,677.68 in costs) for the period June 2008 to December 2009.

4/26/10 F&R at 3.

Judge Chang noted that "Ms. Bright opposes the request

for compensatory sanctions on the grounds that the majority of

the litigation has been devoted to off-shore credit card records

that [the] Ninth Circuit has determined she is not required to

produce."  4/26/10 F&R at 4.  Judge Chang refuted this contention

by explaining that

> [t]he majority of this litigation has not been
> dedicated to the pursuit of off shore credit card
> records, as Ms. Bright contends.  Rather, the
> United States has been forced to take
> extraordinary steps to secure Ms. Bright's
> compliance with the summonses, only a portion of

which involved off shore credit card records.
Significantly, Ms. Bright, while arguing that the
credit card records have been the focus of the
litigation, remained in contempt during the period
of time for which fees are requested with respect
to a number of other records, including Colony
Mortgage documents, Asia Pacific documents and
Scholarship Grants/Financial Aid documents.   In
fact, to date, she remains in contempt for the
Scholarship Grants/Financial Aid documents.

Id. (footnote omitted).

On May 4, 2010, Ms. Bright filed an objection to the

4/26/10 F&R ("Obj.").[8]

On May 18, 2010, the United States filed a response to

Ms. Bright's objection ("U.S.'s Response").

On May 21, 2010, Ms. Bright filed a reply ("Reply").[9]

---

[8] Notably, Mr. Bright did not object to Judge Chang's
4/26/10 F&R.  This is likely due to Judge Chang's determination
that his joinder to Ms. Bright's Response was untimely.   See
4/26/10 F&R at 2 n.2.

[9] The Reply includes a sixth declaration by Ms. Bright in
support of her request for purgation.  As discussed below, the
Court need not address this declaration because the limited issue
before the Court is the amount of compensatory sanctions to which
the United States is entitled.  Further, the Court need not
address Ms. Bright's Reply because she was not granted leave of
court to file a reply.   See D. Haw. Local Rule 74.2 ("No reply in
support of objections or cross-objections to a magistrate judge's
case-dispositive proposed order, findings, or recommendations
shall be filed without leave of court.").  Even had the Court
considered Ms. Bright's reply, its decision would remain
unchanged.

## STANDARD OF REVIEW

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2.  The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).  It may also consider the record developed before the magistrate judge.  D. Haw. Local Rule 74.2.  The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required.  United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

The Court finds that a hearing in this matter is neither necessary nor appropriate.  See D. Haw. Local Rule 7.2(d).

## DISCUSSION

A court may award compensatory sanctions "to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior." Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986).  The amount of compensatory sanctions is governed by the actual losses sustained by the moving party as a result of the contemptuous resistance. Id.; see also United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947) (noting that a compensatory fine must "be based upon evidence of complainant's actual loss").

**I.        Request to Purge Contempt**

Civil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within his power to comply.  Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).  He may purge his contempt by demonstrating that he has substantially complied with the order, see In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993), or by producing evidence of a present inability to comply, see United States v. Drollinger, 80 F.3d 389, 393-94 (9th Cir. 1996) (per curiam).  The latter showing is known as the "impossibility" defense.  Federal Trade Comm'n v. Affordable Media, LLC, 179 F.3d 1228, 1240 (9th Cir. 1999).

In her objection to Judge Chang's 4/26/10 F&R, Ms.

Bright requests that the Court purge her from contempt.  Obj. at 2.  Ms. Bright's request for purgation appears to be primarily based on the Ninth Circuit's recent ruling.  Id. (requesting purgation "because the majority of the litigation costs were incurred over offshore credit cards which the Ninth Circuit has found were not covered by the original summons . . .").  Ms. Bright's assertion that the "majority" of the litigation costs related to the two cards the Ninth Circuit held were not covered by the Summonses is without merit.

Respondents were originally held in contempt with respect to five of the fifteen categories of documents listed in the Summonses.  See Contempt Order at 15-19.  The Ninth Circuit's recent decision only limited the Summons Order to exclude two of the four credit cards in paragraph 1 that the Respondents were originally held in contempt of.  Bright, 596 F.3d at 693.  Indeed, even after the Ninth Circuit's decision, Ms. Bright remains in contempt with respect to paragraph 11 of the Summonses, as well as the payment of her monetary sanctions.  See 12/23/09 Order at 29-30.[10/]  Thus, although the Ninth Circuit has

---

[10/] Specifically, in its 12/23/09 Order, this Court found that Ms. Bright remained in contempt with respect to the credit card ending in -7763 requested in paragraph 1, and the scholarship, financial aid, and grant documents requested in paragraph 11.  Id. at 20, 29.  Although the Ninth Circuit has since limited the Summons Order and Contempt Order to exclude the credit card ending in -7763, Ms. Bright remains in contempt with respect to certain documents requested in paragraph 11.

limited the Summons Order and Contempt Order to exclude the cards ending in -7763 and -0690, her blanket request to purge contempt based on the Ninth Circuit's decision is denied because a majority of the litigation costs incurred did not relate to these cards.

Ms. Bright also requests that her contempt be purged because "she has no funds to pay compensatory sanctions." Obj. at 3. Any request by Ms. Bright to purge her contempt based on an inability to comply with the monetary sanctions, however, should be made by a separate motion which adequately demonstrates her inability to comply. That is, the Court agrees with Judge Chang that the limited issue currently before the Court is the <u>amount</u> of the compensatory sanctions owed to the United States for the period June 2008 to December 2009. <u>See</u> 4/26/10 F&R at 4. The Court has on numerous occasions held that the United States is entitled to compensatory sanctions, and has previously awarded compensatory sanctions. <u>See</u> Contempt Order at 22-24 (awarding $11,593.59 in compensatory sanctions for the period prior to May 29, 2008); 2/27/09 Order at 38; 9/15/09 Order at 23; Judge Chang's 12/3/09 Order at 7-8; 12/23/09 Order at 33-34. Thus, even if Respondents were able to successfully demonstrate their inability to pay the compensatory sanctions, this would not impact the Court's calculation of the amount of compensatory sanctions owed. <u>See</u> 4/26/10 F&R at 1 n.1 ("If the district court

adopts these recommendations and Ms. Bright is ordered to pay the compensatory sanctions, it will then be her burden to demonstrate an inability to pay.").

In summary, pursuant to the Ninth Circuit's recent decision, the Court finds that Ms. Bright has purged her contempt with respect to paragraph 1 of the Summonses.[11]  However, any additional request made by Ms. Bright to purge her contempt is denied.  If Ms. Bright wishes to purge her contempt with respect to paragraph 11 of the Summonses and the payment of the monetary sanctions, she may do so by separate motion.[12]

## II.      Establishing the Amount of Compensatory Sanctions

Having established that the limited issue before the Court is the amount of compensatory sanctions owed to the United States, the Court will now address this issue.

### A.   Legal Standard

Under federal law, reasonable attorney's fees are

---

[11] In its 12/23/09 Order, this Court found that the only documents requested in paragraph 1 in which Ms. Bright remained in contempt with respect to were the documents related to the credit card ending in -7763.  The Ninth Circuit recently narrowed the Summons Order and Contempt Order to exclude documents relating to the card ending in -7763.  596 F.3d at 694, 696. Accordingly, Ms. Bright has purged her contempt with respect to paragraph 1 in its entirety.  Notably, the Court has previously held that Mr. Bright is no longer in contempt of paragraph 1. See 2/27/09 Order at 15.

[12] Of course, Mr. Bright may also seek to purge his contempt with respect to the payment of the monetary sanctions by way of a separate motion.

generally based on the traditional "lodestar" calculation set

forth in <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  <u>See</u>

<u>Fischer v. SJB-P.D., Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000).

The Court must determine a reasonable fee by multiplying "the

number of hours reasonably expended on the litigation" by "a

reasonable hourly rate."  <u>Hensley</u>, 461 U.S. at 433.  Second, the

Court must decide whether to adjust the lodestar amount based on

an evaluation of the factors articulated in <u>Kerr v. Screen Extras</u>

<u>Guild, Inc.</u>, 526 F.2d 67, 70 (9th Cir. 1975), which have not been

subsumed in the lodestar calculation.  <u>See</u> <u>Fischer</u>, 214 F.3d at

1119 (citation omitted).

> The factors the Ninth Circuit articulated in <u>Kerr</u> are:
>
> (1) the time and labor required, (2) the novelty
> and difficulty of the questions involved, (3) the
> skill requisite to perform the legal service
> properly, (4) the preclusion of other employment
> by the attorney due to acceptance of the case, (5)
> the customary fee, (6) whether the fee is fixed or
> contingent, (7) time limitations imposed by the
> client or the circumstances, (8) the amount
> involved and the results obtained, (9) the
> experience, reputation, and ability of the
> attorneys, (10) the 'undesirability' of the case,
> (11) the nature and length of the professional
> relationship with the client, and (12) awards in
> similar cases.

<u>Kerr</u>, 526 F.2d at 70.  Factors one through five have been

subsumed in the lodestar calculation.  <u>See</u> <u>Morales v. City of San</u>

<u>Rafael</u>, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth

Circuit, extending <u>City of Burlington v. Dague</u>, 505 U.S. 557, 567

(1992), held that the sixth factor, whether the fee is fixed or

contingent may not be considered in the lodestar calculation.

See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

Where a plaintiff achieves only partial or limited success, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success."  Hensley, 461 U.S. at 436-37.  Pursuant to Hensley, the Ninth Circuit has adopted a two-part analysis to address attorney's fees in cases where the plaintiff prevails on some claims but not others:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims.  If unrelated, the final fee award may not include time expended on the unsuccessful claims.  If the unsuccessful and successful claims are related, then the court must apply the second part of the analysis, in which the court evaluates the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'  If the plaintiff obtained 'excellent results,' full compensation may be appropriate, but if only 'partial or limited success' was obtained, full compensation may be excessive.  Such decisions are within the district court's discretion.

Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 901-02

(9th Cir. 1995) (internal citations omitted).

**B.   Discussion**

Pursuant to Local Rule 74.2, when objecting to a magistrate judge's findings and recommendation, the party must specifically identify the portions of the order, findings, or recommendations to which objections are made and the basis for such objections.  See Local Rule 74.2.  Ms. Bright does not object to the 4/26/10 F&R insofar as it found that (1) the hourly rate for calculating the attorney's fees was reasonable ($174.00), and (2) the amount of hours were reasonably expended by counsel for the United States (171.5).  Because these portions of the 4/26/10 F&R are unobjected to, these portions of the F&R, which the Court finds reasonable and appropriate under the circumstances, are adopted as the opinion and order of this Court.

Ms. Bright's lone objection appears to be based on the Ninth Circuit's recent decision.  Specifically, she asserts that "the majority of the litigation costs were incurred over offshore credit cards which the Ninth Circuit has found were not covered by the original summons . . . ."  Obj. at 2.  She argues that because "the government is seeking sanctions for pursuit of records, which the Ninth Circuit held it did not have a right to request, the government's request for compensatory sanctions should be denied."  Id. at 3.

25

As explained by Judge Chang, however, the United States is not requesting that compensatory sanctions be imposed, but rather a calculation of the amount owed as the Court has "repeatedly determined that the United States is entitled to compensatory sanctions . . . ."  4/26/10 F&R at 3.  Moreover, contrary to Ms. Bright's assertion, the vast majority of this litigation has not been devoted to the two offshore credit cards for which the Ninth Circuit found Ms. Bright need not produce the records.  As noted by Judge Chang, between June 2008 and December 2009 Ms. Bright "remained in contempt . . . with respect to a number of other records [paragraphs 4, 9, 10, and 11]."  4/26/10 F&R at 4.

Although the vast majority of this litigation has not been devoted to the two offshore credit cards for which the Ninth Circuit found that Respondents need not produce the records, it cannot be ignored that some of the litigation costs incurred were related to those records.  As a result, the Court finds it necessary to reduce the amount of compensatory sanctions to account for the Ninth Circuit's recent decision.

a.   Apportioning the Attorney's Fees

The United States is requesting compensatory sanctions for the time period June 2008 to December 2009.  Judge Chang found that the appropriate amount of compensatory sanctions is $29,841.00 in attorney's fees and $10,677.68 in costs, for a

total of $40,518.68. 4/26/10 F&R at 11. As discussed _supra_,

apart from her broad request to be purged from contempt entirely

based on the Ninth Circuit's recent decision, Ms. Bright appears

to object to this amount of compensatory sanctions, as well as

the compensatory sanctions previously awarded in the 6/12/08

Supp. F&R and Contempt Order, insofar as they do not account for

the Ninth Circuit's recent ruling.[13/] As discussed _infra_,

however, the Ninth Circuit's ruling does not impact the costs

awarded because the travel costs incurred would be the same

regardless of whether the cards ending in -7763 and -0690 were

included in the Summons Order and Contempt Order.

　　　　Notably, the Ninth Circuit's decision only limited

enforcement of portions of paragraph 1 of the Summonses. In

paragraph 1 of the Summons, the IRS asked Respondent to produce

all records for the years beginning January 1, 2001, to the date

of the Summons relating to credit cards issued by MasterCard

ending in -7755 and -0496 and any other offshore credit cards,

including (a) card applications, (b) monthly or periodic charge

statements, (c) charge receipts, (d) cash advance confirmations,

(e) payments and/or funds transferred to pay for balances due,

and (f) correspondence. 12/23/09 Order at 12. The Court had

previously found, though the Ninth Circuit has subsequently

---

[13/] However, as previously noted, the Ninth Circuit approved
the compensatory sanctions award for the period up to May 29,
2008. _Bright_, 596 F.3d at 694.

reversed, that this paragraph also covered certain credit cards ending in -7763 and -0690. Id. Thus, Respondents were originally held in contempt with respect to four credit cards in paragraph 1 of the Summonses, two of which the Ninth Circuit has held were not properly included in the Summons Order or the Contempt Order because the documents related to these cards were protected by the Fifth Amendment. Bright, 596 F.3d at 693-94.

Applying the two-part analysis set forth in Hensley, the Court finds that the first step, determining whether the successful and unsuccessful claims are related, is satisfied in this instance. Schwarz, 73 F.3d at 901-02. That is, all of the documents sought by Petitioner are related to Respondents' federal income tax liability for 2002 and 2003. Having established that the first step is satisfied, the Court will now proceed to evaluate the "significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id.

Where a plaintiff achieves only partial or limited success, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Hensley, 461 U.S. at 436-37. Upon review of Mr. Hendon's declaration submitted in support of the United States' Motion, the Court finds that it would be impracticable to attempt to identify the specific hours

28

that should be eliminated.  See Hendon Decl. at 2-14.  Instead, a general reduction of the compensatory sanctions to account for the United States' partial success is more appropriate.

In this case, there are five categories of documents for which Respondents were originally held in contempt with respect to in June 2008.  As it appears that equal amounts of effort have been devoted to obtaining compliance with each category, twenty percent (20%) of the attorney's fees can be allocated to each category.  As indicated supra, the Ninth Circuit has held that half of the credit card documents sought with respect to paragraph 1 were protected by the Fifth Amendment.  As such, the Court finds that ten percent (10%) of the attorney's fees were incurred in relation to the credit cards ending in -7763 and -0690, and that the present award of attorney's fees should be reduced accordingly.

b.   Calculating the Amount of Compensatory Sanctions

In the 4/26/10 F&R, Judge Chang found that the appropriate amount of compensatory sanctions is $29,841.00 in attorney's fees and $10,677.68 in costs, for a total of $40,518.68.  4/26/10 F&R at 11.  The costs awarded by Judge Chang in the 4/26/10 F&R relate exclusively to the United States' travel costs to attend various hearings in this matter.  See 4/26/10 F&R at 10 ("Having reviewed the requested costs and supporting documentation, the Court finds that the travel costs

are reasonable, and were necessarily incurred in prosecuting this action."); Hendon Decl. at 15-20. Because these costs would have been incurred regardless of whether the cards ending in -7763 and -0690 were included in the Summons Order and Contempt Order, the Court declines to reduce the award of costs recommended by Judge Chang in the 4/26/10 F&R.

Reducing the award of attorney's fees in the 4/26/10 F&R by ten percent (10%), the Court concludes that an award of $26,856.90 in attorney's fees for the period June 2008 to December 2009 is appropriate (a reduction of $2,984.10).

In summary, the appropriate amount of compensatory sanctions is $26,856.90 in attorney's fees ($29,841.00 minus the reduction of $2,984.10) and $10,677.68 in costs, for a total of $37,534.58.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the Magistrate's 4/26/10 F&R, the Court adopts, as modified, Judge Chang's 4/26/10 F&R. Respondents are ordered to remit $37,534.58 to the United States by August 1, 2010.

IT IS SO ORDERED.

Dated:  Honolulu, Hawai'i, July 9, 2010.



_____
Alan C. Kay
Sr. United States District Judge

United States v. Bright, Civ. No. 07-00311 ACK-KSC:  Order Adopting, as Modified, the Magistrate Judge's Findings and Recommendation to Grant the United States' Motion to Establish Amount of Compensatory Sanctions